WILLIAM H. AXFORD v. GEORGE GRAHAM AND GEORGE HAS-
KELL.

*Res judicata—Estoppel by judgment.*

1. Where one of the parties in a claim of title to personal property is called on to defend the title he should also call on his vendor to defend; if he does not, the latter will not be concluded by a judgment against the former, and when sued by him in turn for failure of title, can show any facts in support of it, and also that their vendee had charge of the defense in the first suit and refused to permit an appeal.

2. The reason why judgments of courts having jurisdiction are conclusive on parties and privies is because such parties have had an opportunity to assert or defend their rights in the court giving judgment.

Error to Shiawassee. (Newton, J.)  June 17.—June 19.

ASSUMPSIT.  Defendants bring error.  Reversed.

*G. R. Lyon* for appellants.  One who takes upon himself the defense of a suit, hires the counsel and has charge of it, is bound by the result as to such questions as are litigated : *De Witt v. Prescott* 51 Mich. 298 ; but interested persons who are called merely as witnesses are not bound ; to have been parties and bound, they must not only have been interested in the matter, and notified of the action, but have had an opportunity to control the defense, introduce and cross-examine witnesses, and prosecute an appeal : Greenl. Ev. 523 : *Hale v. Finch* 104 U. S. 261; *Geekie v. Kirby* 106 U. S. 379 ; *Wright v. Andrews* 130 Mass. 149 ; *Thurston v. Spratt* 52 Me. 205.

*Wm. M. Kilpatrick* and *S. F. Smith* for appellee.  Where a vendee notifies his vendor of a suit against the former for failure of title to the property conveyed and requests him to defend, the judgment settles the question of title and is conclusive against the vendor notified : *Burt v. Dewey* 40 N. Y. 284; *Chicago v. Robbins* 2 Black 423 ; the principle here involved is not unlike a covenant of warranty for quiet enjoyment in the sale of land, where it has repeatedly been held that the vendee may by giving his vendor notice of action brought on a paramount claim relieve himself from the bur-

den of being obligated afterwards to prove in an action on the covenant the validity of the title of the adverse claimant: *Cooper v. Watson* 10 Wend. 205; *Hinds v. Allen* 34 Conn. 195; *McConnell v. Downs* 48 Ill. 271; *Miner v. Clark* 15 Wend. 425; *Boyd v. Whitfield* 19 Ark. 469; *Pitkin v. Leavitt* 13 Vt. 379; *Brown v. Taylor* 13 Vt. 637; *Gragg v. Richardson* 25 Ga. 570; *Sweetman v. Prince* 26 N. Y. 233.

CHAMPLIN, J.   The defendants exchanged horses with plaintiff, giving him one they had obtained from one Evens. The plaintiff shortly after sold the horse to Thomas Connolly. Henry Stevens replevied the horse from Connolly in justice's court, claiming that he was the owner, and that the horse had been stolen from him some six years before. In this suit Stevens recovered judgment, and thereupon Connolly sued Axford, the plaintiff in this suit, in assumpsit for failure of title, and recovered. In that suit Axford gave the defendants written notice to appear and defend the title. Afterwards Axford brought this suit against the defendants, his vendors, for the failure of title. He offered in evidence the said judgment of Connolly against him, and the notice to these defendants to appear and defend, and insisted that the judgment was conclusive evidence as to the title to the horse, and the defendants should not be permitted to prove that Stevens was mistaken as to his ever having owned the horse, and that the title to the same was rightfully in John D. Evens, the vendor of these defendants; and in this view plaintiff was sustained by the court.

The defendants offered to show that Axford, the plaintiff, had charge of the defense of Connolly when sued by Stevens; that he employed the counsel who tried the suit, and was present and sworn, and that he afterwards refused to permit the vendor of the defendants, Evens, to appeal the suit, and that the horse actually belonged to Evens, and not to Stevens; that these defendants were called on as witnesses, but had no notice of it otherwise, and nothing to do with the conduct of the case or employment of counsel. This evidence was objected to, and ruled out by the court, and exception taken.

All the assignments of error are upon the conclusiveness

of the judgment in Connolly against Axford, upon the defendants in this suit, as to the question of title under the facts proved and offered. The questions in the second and third assignments were preliminary merely to showing the title, and who had charge of the defense of the Stevens suit. What the defendants claimed, and do now, is that as Axford took charge of the defense in the case of *Stevens v. Connolly* and refused to permit the appeal, he was bound by the judgment, and as to him it was conclusive; that, this being so, it would have been futile for the defendants to attempt any defense in the suit of *Connolly v. Axford.* The learned circuit judge, however, held that if the jury should find that Graham and Haskell, the defendants, knew of the pendency of the suit of Thomas Connolly against William H. Axford for damages for reason of the failure of the title to the horse in question, and were notified to come in and defend the title to said horse in that suit, then they, the defendants in this suit, will be concluded by the judgment in that case, and they should find for the plaintiff.

We think the court erred in excluding the testimony offered. If defendant should establish the fact that Axford was notified by Connolly to appear and defend the title of the horse in the suit brought by Stevens, and he did so appear and defend, he was bound by the judgment in that case, and neither he nor his vendor could successfully assail it in an action by Connolly against Axford. The proper course for plaintiff to have pursued when notified by Connolly to defend the title was for him to notify the defendants to defend the title, and in that case the judgment rendered in the suit of *Stevens v. Connolly* would have been binding and conclusive upon defendants.

Judgments of courts having jurisdiction are held conclusive upon parties and privies. But the reason why they are conclusive is because an opportunity has been afforded to the party thus concluded to assert or defend his right before the court rendering the judgment. In this case, questions concerning the title to the horse are settled and concluded against all parties who have had an opportunity of contesting:

the title before the court. For this reason Axford is concluded by the judgment in the suit of *Stevens v. Connolly*. But the defendants are not concluded by the judgment in the suit of *Connolly v. Axford*, because they could not litigate the title in that suit for the reason that Axford could not, he being concluded by the prior judgment. To hold them precluded by the judgment in'that suit would be the same thing as to hold them conclusively bound by a judgment in which they have had no opportunity to litigate the subject-matter, or contest the facts upon which the judgment was rendered. This suit affords them the first opportunity to litigate the title to the horse, and they should have been permitted to have gone into that question.

The judgment must be reversed and a new trial ordered.

The other Justices concurred.