### WILLIAM B. WEYER v. NEWTON SAGER, SR.

**1. RULE IN PLEADING ESTOPPEL—PARTICULARITY AND CERTAINTY.**

Great particularity and precision should be observed in pleading an estoppel, leaving nothing to intendment. This rule is based upon the principle that an estoppel concludes a party from asserting the truth and all things essential to give the right to shut out the truth should affirmatively appear.

**2. NOTICE TO COVENANTOR TO DEFEND.**

Upon suit being brought upon a paramount claim against one who is entitled to the benefit of any of the covenants for title, he can, by giving proper notice of the action to the party bound by the covenants, and requiring him to defend it, relieve himself of the burden of being obliged afterwards, in an action on the covenants against the covenantor so notified, to prove the validity of the title of the adverse claimant. By such notice the covenantor becomes in effect a party to the action and is thereby estopped by the judgment.

**3. RULE AS TO CHARACTER AND TIME OF NOTICE.**

To deprive the warrantor of the right to show title, the notice to the covenantor, requiring him to defend the title of the party sued upon a paramount claim, should be unequivocal, certain and explicit, and should demand that warrantor furnish testimony, defend the suit or aid in the defense; and should be given so as to afford the covenantor a full, fair and previous opportunity to meet this controversy. A petition in an action for breach of covenant which does not show what the substance of the notice given was, when it was given, whether the covenantor was requested to make defense, or opportunity to do so, the allegation thereof is immaterial and does not conclude the covenantor.

**4. CAUSE OF ACTION FOR BREACH OF COVENANT.**

In an action for breach of covenants against incumbrances and general warranty, a petition, which shows that at the date of the covenant there was an outstanding consummate dower interest not admeasured, shows that the covenant against incumbrances was broken as soon as made and states a cause of action for nominal damages, of which the common pleas has exclusive original jurisdiction, and against which demurrer does not properly lie; and it is not necessary for the plaintiff to show that he discharged the incumbrance by payment to the person entitled to dower.

**5. UNASSIGNED DOWER INTEREST TRANSFERABLE.**

A consummate dower interest before admeasurement may be aliened to a stranger to the title.

**6. ORDER TO SELL LANDS TO PAY DOWER—EQUIVALENT TO EVICTION.**

When the value of dower is determined in a gross sum in an action for dower and assessed as a lien upon lands, and it is ordered that upon default of payment the lands be sold as upon execution, this is equivalent to an eviction and constitutes a breach of warranty.

**7. ASSESSMENT OF DOWER UNDER SEC. 5714a, REV. STAT.**

In an action for dower the court of common pleas, under Sec. 5714a, Rev. Stat. has power to assess the value of the dower interest at a gross sum and charge the same upon land under certain circumstances. And where this is done, it will be presumed that the requisite circumstances existed and that the judgment is valid.

**8. LAND OWNER MAY PURCHASE DOWER INTEREST AND RECOVER.**

A land owner may pay the sum assessed as the value of a dower interest and under a covenant against incumbrances may recover the expense incurred in defending the action for dower and the value of the dower interest which he was required to extinguish; nor is the amount found by the court in the action for dower necessarily the value of the dower interest to be recovered by the purchaser.

HEARD ON ERROR.

*Richie, Leland & Roby* and *Edwin Blank*, for plaintiff in error, cited :

Dower interest: Black v. Kuhlman, 30 Ohio St., 196–199; Unger v. Leiter, 32 Ohio St., 210–213; Dingman v. Dingman, 39 Ohio St., 172–177; Mandel v. Clave, 46 Ohio St., 407–411 [22 N. E. Rep., 290; 15 A. S. Rep., 627 ; 5 L. R. A., 519].

Subject to sale and assignment: Jackson v. Vanderheyden, 17 Johns, 167 ; Douglass v. McCoy, 5 Ohio, at p. 527; Todd v. Beatty, Wright 460; Avery v. Durfrees, 9 Ohio, 145, 147; McMahon v. Gray, 22 N. E Rep., 923 [150 Mass., 289; 5 L. R. A., 748 ; 15 A. S. Rep., 202]; Strong v. Clem, 12 Ind., 37 [74 Am. Dec., 200] ; Mitchell v. Winslow, 2 Story, 630 ; Nicoll v. N. Y. R. R., 12 N. Y., 121 ; Stroughton v. Froust, 4 Blackf., 379; Kent's Com., 269 ; Moon v. Lancaster, Wright 35 ; Ford v. Rehman, Wright, 434; Weakly v. Hall, 13 Ohio, 167 [42 Am. Dec., 194] ; Pomeroy's Eq. Jur. Vol. 1, Sec. 137 ; Vol. 3, Sec. 1270. ; Payne v. Becker, 87 N. Y., 153 ; Pope v. Mead, 1 N. E. Rep., 671 [99 N. Y., 201] ; Boltz v. Stolz, 41 Ohio St., 540; Strong v. Clem, 12 Ind., 37 [74 Am. Dec. 200].

*Cable & Parmenter*, for defendant in error, cited :

Section 5707, Rev. Stat., *et seq.*; Secs. 5708, 5714, Rev. Stat.; Miller's Admr. v. Woodman, 14 Ohio, 518, 520; 10 Ency. of Law (2nd Ed.), 146–147 ; Johnson v. Nyce, 17 Ohio, 66, 68, 70–71.

Covenants: Gest v. Kenner, 12 Dec. (Re.), 343 [2 Handy, 87, 94] ; Great Western Stock Co. v. Saas, 24 Ohio St., 542, 552.

MOONEY, J.

In the court of common pleas Weyer filed his amended petition, and therein alleged that in 1888 one Massa W. Baker, being seized in fee simple of certain lands, conveyed the same to Newton Sager, Sr.; that at the date of said conveyance Massa W. Baker was intermarried with one Harry E. Baker who did not join in said conveyance or otherwise release his dower in said premises ; that about April 25, 1889, Massa W. Baker died leaving Harry E. Baker her widower, and said widower is still living, that September 22, 1892, Newton Sager, Sr., for the consideration of $300.00 by deed duly executed, and with covenants against incumbrances and of general warran'y conveyed said lands to Weyer; that after September 22, 1892, Harry E. Baker before the admeasurement of his said dower estate, sold and by deed duly executed conveyed his dower interest in said premises to one Susannah Bechtol ; that thereafter in a certain action pending in the court of common pleas of this county, wherein Weyer was plaintiff and Susannah Bechtol was defendant, said Susannah Bechtol, as grantee of Harry E. Baker, by her cross-petition demanded, and upon trial established, her claim to dower in said lands, and he court in said action found the value in a gross amount of said dower interest, and charged the amount so found as a lien upon said lands and ordered that in default of payment the lands be sold as upon execution ; that " Sager was notified of the pendency and prayer of the cross-petition of Bechtol, but failed to make defense in said action; " that Weyer was compelled to and did pay the amount of said lien in discharge thereof, and also paid attorney's fees and costs in said action, in all amounting to $175.00, for which amount he prays judgment against said Sager.

Weyer v. Sager.

To this amended petition Sager filed a general demurrer which was sustained, and Weyer not desiring to further plead, judgment was rendered for defendants on this demurrer. Weyer, as plaintiff in error, now prosecutes error here to reverse this judgment. The errors assigned are sustaining the demurrer and rendering judgment on demurrer for defendant below.

It is well settled law that upon suit being brought upon a paramount claim against one who is entitled to the benefit of any of the covenants for title, he can, by giving proper notice of the action to the party bound by the covenants and requiring him to defend it, relieve himself of the burden of being obliged afterwards in an action on the covenants against the covenantor so notified, to prove the validity of the title of the adverse claimant. Hamilton v. Cutts, 4 Mass., 349, 353 [3 Am. Dec., 222]; Merritt v. Mose, 108 Mass., 270; Mason v. Kellog, 38 Mich., 132; Cooper v. Watson, 10 Wend., 205. By such notice the covenantor becomes in effect a party to the action, and for that reason is estopped by the judgment. Smith v. Dixon, 27 Ohio St., 471, 477. In pleading an estoppel it is settled that "great particularity and precision shall be observed leaving nothing to intendment. This rule proceeds upon the theory that, as an estoppel concludes a party from asserting the truth, all things essential to give the right to shut out the truth should affirmatively appear." Anderson v. Hubble, 93 Ind., 570 [47 Am. Rep., 394], per Elliott, J. Phillips Code Pl., Sec. 132.

It has been held that, "to have the effect of depriving the warrantor of the right to show title, the notice should be unequivocal, certain and explicit; a knowledge of the action and a notice to attend the trial will not do, unless it is attended with express notice that he will be required to defend the title." Paul v. Witman, 3 W & S., 410; Boyd v. Whitfield, 19 Ark., 470; Somers v. Schmidt, 24 Wis., 417, 421 [1 Am. Rep., 191]; Axford v. Graham, 24 N. W. Rep., 158 [57 Mich., 422]; Rawle on Covenants, Sec. 119; Freeman, Judgt., Sec. 181. There are cases which hold that no express demand to defend the suit is necessary (Heiser v. Hatch, 86 N. Y., 614, and cases there cited), but it seems that the rule established by the weight of authority is that the notice should give the covenantor to understand that he is expected "to furnish testimony, to defend the suit or to aid in the defense," and that the covenantor be tendered "a full, fair and previous opportunity to meet the controversy." Freeman, Judgt., Sec. 181, and cases there cited. The case of Miller v. Rhoades, 20 Ohio St., 494, as reported, does not show what is therein considered as "due notice," but it does show a fair opportunity was given to defend the action.

The amended petition before us does not show what the substance of the notice was, when it was given, nor whether the covenantor was requested to make defense, or was given an opportunity to do so. Hence we are of opinion that the allegation as to notice is immaterial, and that as pleaded the judgment rendered in the action of Weyer v. Bechtol, does not conclude Sager in this action. The sufficiency of the amended petition must therefore depend upon the facts other than notice averred therein.

The action was for damages for breach of covenant against incumbrances as well as general warranty. The pleading shows that, at the date of the covenant the right to dower in Harry E. Baker was consummate. "The covenant against incumbrances is broken as soon as made if an incumbrance in fact exists; and a right of action thereon immedi-

ately accrues to the convenantee, at least for nominal damages." Stambaugh v. Smith, 23 Ohio St., 584–588. A right of dower consummate is an incumbrance within the covenant. Stambaugh v. Smith, *supra;* Rawle on Covenants, Sec. 77. Of such action for nominal damages the court of common pleas has exclusive original jurisdiction. Van Dyke v. Rule, 49 Ohio St., 530 [31 N. E. Rep., 882]. Aside from all other allegations the amended petition contains sufficient facts to show that the covenant against incumbrances was broken as soon as made, and that Weyer was entitled to recover nominal damages, without showing that he discharged the incumbrance by payment or otherwise to the person entitled. In this view, to sustain the demurrer was error. It seems, however, that the erroneous refusal of nominal damages in the case before us would be harmless error. Elliott Appellate Pro., Sec. 636.

Whether under the facts pleaded plaintiff was entitled to more than nominal damages will depend upon whether dower before assignment is transferable to a stranger to the title.

Dower before assignment is a chose in action. At common law choses in action, in general, were not assignable. This rule did not result from any theory that choses in action are in their nature not alienable, but only from the theory that such transfers " would be the occasion of multiplying of contentions and suits, of great oppression of the people and the subversion of the due and equal execution of justice." Lampet's case, 10 Coke, 46b, 48a. When it was believed that this reason would not apply, choses in action, even at common law, were held assignable. Thus, inasmuch as the king " could do no wrong," choses in action could be assigned to him, and inasmuch as a release to the person bound would conduce to repose and would avoid litigation, a release was always permitted. Now a transfer to the king or a release of the person bound is a conveyance or transfer, for in either case the right passes from the owner to another person. The common law rule as to dower was the same as other choses in action. The dowress before assignment of dower might release her claim to the free-holder in possession, but could not alien her right to any other person. Whether this rule is still the law of Ohio is a question now before us.

In Miller v. Woodman, 14 Ohio, 518, the sole question before the court was whether a chancery suit for dower, abating by death of the widow before final decree, could be revived in the name of her administrator. In the course of his opinion Judge Hitchcock says: "It (dower) may be relinquished to him who has the next estate of inheritance in the land out of which it is to be carved, but can not be transferred to a third person." In Douglass v. McCoy, 5 Ohio, 522–527, Judge Lane says: "Neither can it (dower) be aliened before assignment, so as to enable the grantee to maintain a suit in her own name, for it lies in action only." In Todd v. Beatty, Wright, 460, the court refused to cancel notes that were delivered for the purchase price of a dower claim before admeasurement, and it appearing that the estate had been admeasured at suit of the purchaser and the widow consenting, the transaction was treated as a contract to convey and a conveyance decreed. In Grant v. Ludlow, 8 Ohio St., 1, 37, Swan, J., says: "The rule (as to assignments) stated by Story, J., in Comegys v. Vasse, 26 U. S. (1 Pet.), 213, is undoubtedly correct. * * * In general it may be affirmed * * * that vested rights *ad rem* and *in re* * * * and claims growing out of and adhering to property, may pass by assignment." In Finch v. Finch, 10 Ohio St., 501, 509, it was held "before

Weyer v. Sager.

being actually assigned to her, it (dower consummate) is an interest in and concerning lands and tenements, and the agreements alleged * * * are clearly within the statute of frauds." See Rosenthal v. Mayhugh, 33 Ohio St., 155–168, and Mandel v. McClave, 46 Ohio St., 407 [22 N. E. Rep., 290; 15 A. S. Rep., 627; 5 L. R. A., 519]. In Boltz v. Stoltz, 41 Ohio St., 540, it was held that : " A widow's unassigned right of dower, in lands of her husband, occupied and enjoyed by herself and their children, may be subjected by proceedings in equity, to the payment of a judgment against her, upon a debt created by her after her husband's death." And in that case it was ordered by the court of common pleas that the widow convey her unassigned dower interest to a receiver named ; that on failure to so convey the decree operate as a conveyance, and that the receiver proceed by action to have dower assigned. This judgment was affirmed by the commission. If now, dower before assignment is "an interest in lands," and " is property of an ascertainable value," and if, when the widow is unwilling to convey, she can be compelled in equity to convey to a receiver and the receiver be empowered to secure and hold for creditors the dower rights so conveyed, it is difficult to see why dower before assignment cannot be conveyed by the widow to any one, stranger or other, who is willing to purchase. The law to-day is not dominated by a fear of maintenance and champerty, as it was when Lord Coke wrote, and when " dower, unassigned, cannot be conveyed to a stranger " passed into a proverb. The reason has ceased, the law has changed, and like any other right *in re* dower consummate may now be aliened. If, as suggested, the statute makes no provision for the assignment of dower at the suit of the widow's vendee, it will be remembered that equity has concurrent jurisdiction with the law in actions for dower, and has always entertained jurisdiction when for any reason the remedy at law was inadequate. Tiedeman Eq., Sec. 522.

In Nyce v. Obertz, 17 Ohio, 71, it was held that in an action for breach of covenant against incumbrances it is not sufficient to show that plaintiff has been compelled to pay a gross sum to free the premises from dower, but it must be shown that dower was assigned according to the provisions of the statute. If dower is an incumbrance and of a value easily ascertainable, and if the damages recoverable are the reasonable expenses in defending the action and the value of the outstanding dower estate (Sedg., Dam., Sec. 971; McAlpin v. Woodruff, 11 Ohio St., 120), it is not very clear why the incumbrance should be req :ired to· be charged upon the land in any particular manner. Bradbury, J., in Mandel v. McClave, *supra*, speaking of the technical rules announced in the earlier dower cases, says : " There seems to be clearly discernible in the Ohio cases, a growing tendency to disregard the older and more technical rules of the earlier cases." In view of the general trend of decisions in Ohio, it may well be doubted whether the rule announced in Nyce v. Obertz, *supra*, would now be followed by our Supreme court. However, under Sec. 5714a, Rev. Stat., the common pleas had power to assess the value of the dower interest at a gross sum and charge the same upon the land under certain circumstances. It will be presumed that these circumstances existed and that the judgment rendered is valid. Grignon v. Astor, 43 U. S., (2 How.) 319, 340. The amended petition then, even within the rigid rule laid down in Nyce v. Obertz, *supra*, states facts sufficient to constitute a cause of action on the covenant against incumbrances.

In Johnson v. Nyce, 17 Ohio, 66, it was held that: "A claim for dower is covered by the covenant of warranty," and, "An action for a breach * * * can not be sustained until there has been an eviction or something equivalent." It was further held that where the value of dower was assessed in a gross sum and a personal judgment therefor rendered against the covenantee, that this was not "an eviction or something equivalent thereto." In Lane v. Fury, 31 Ohio St., 574, it was held, "If the paramount title is so asserted that the grantee must yield to it or go out, he may purchase of the true owner, and this is an eviction which will constitute a breach of such covenant. Nor is it necessary that the paramount title be actually established by judgment or decree."

In the case at bar the value of the dower interest was determined by the court and made a charge upon the land; and it was ordered that in default of payment the lands be sold as upon execution; to this charge the grantee was compelled "to yield or go out;" and he paid the amount charged to the owner of the dower interest. This was an eviction within the rule laid down in Lane v. Fury, *supra*. Indeed, if upon action brought for the assignment of dower by a person entitled the grantee should purchase the interest, no reason is perceived why he might not under the covenant of warranty recover, not indeed the amount paid by him for the interest, but the value of the interest as it should be determined in the action against the covenantor. We are quite satisfied that the amended petition states facts sufficient to constitute a cause of action on the covenant of warranty.

For the reasons stated the judgment of the common pleas is reversed, the demurrer to the amended petition is overruled, and the case remanded to the common pleas for further proceedings.

---

## WATER COURSES—CONSTITUTIONAL LAW.

[Cuyahoga Circuit Court, December 10, 1900.]

Marvin, Hale and Voorhees, JJ.

(Judge Voorhees of the fifth circuit taking the place of Judge Caldwell.)

GEORGE DEMING ET AL. v. CLEVELAND (CITY) ET AL.

1. WATER COURSE—RIGHTS OF RIPARIAN PROPRIETORS IS PROPERTY.

The right of riparian proprietors upon a natural water course, navigable or unnavigable, is property and valuable; and, although it must be enjoyed in due subjection to the rights of the public, it can not be arbitrarily or capriciously destroyed or impaired. It is a right, when once vested, of which the owner can only be deprived in accordance with established law; and if necessary to be taken for the public good, upon due compensation.

2. PUBLIC NUISANCE—WHAT IS AND WHAT IS NOT, IS A JUDICIAL QUESTION.

Whether any particular thing or act is or is not permitted by the law of the state must always be a judicial question. Therefore the question, what is and what is not a public nuisance, must be judicial; and it is not competent to delegate its determination to a local legislative or administrative board.

3. SAME DECLARATION OF LEGISLATURE OR MUNICIPAL COUNCIL DOES NOT MAKE STREAM A NUISANCE—WHEN.

Neither the legislature nor a city council can make a stream of water a nuisance by simply declaring it so. Its character in that regard can only be estab-