SAMUEL J. TILDEN v. ANDREW YOUNG.

*Stockholders' liability for labor debts—Act 113 of 1877.*

Where a stockholder's liability for a labor debt depended upon his having been a stockholder when the debt accrued, it is enough, in the absence of countervailing testimony, to show that he had admitted being a stockholder before that date, and that the stock book showed no subsequent transfer.

If the right to sue a stockholder for a labor debt of his corporation became complete before the passage of Act 113 of 1877, § 35, providing that the corporation might be made a joint defendant, the plaintiff could still proceed at common law under Comp. L., § 2852, against the stockholder alone.

Error to Marquette.    Submitted June 5.    Decided June 18.

ASSUMPSIT.    Defendant brings error.

*W. P. Healy* and *Ball & Owen* for plaintiff in error. A remedy may be changed by legislation if the obligation of the contract is not impaired, *Robinson v. Steamboat Red Jacket,* 1 Mich., 177; *Morse v. Goold,* 11 N. Y., 287; Cooley's Const. Lim., 361; where it is provided that the corporation may be joined in a suit against a stockholder, it must be joined in order to fix the stockholder's liability, even though it has been adjudicated bankrupt, *Hanson v. Donkersley,* 37 Mich., 184; *Hoard v. Wilcox,* 47 Penn. St., 57; *Chamberlin v. Huguenot Mfg. Co.,* 118 Mass., 532; *Priest v. Essex Hat Mfg. Co.,* 115 Mass., 380; *Phenix v. Clark,* 2 Mich., 327; *Gray v. Coffin,* 9 Cush., 192; an action against individual stockholders is inequitable, *Cochrane v. Reed,* 13 Allen, 456; *Kinsley v. Rice,* 10 Gray, 326; *Knowlton v. Ackley,* 8 Cush., 93; *Merch. Bank v. Stevenson,* 10 Gray, 232; *Bell v. Spaulding,* 3 Allen, 485; if a holder of stock transfers it in good faith before an assessment is made, he is not liable even though it was made to pay an indebt-

edness that arose while he was stockholder, *Gilmore v. Bank*, 8 Ohio, 72; *Allen v. Montgomery R. R.*, 11 Ala., 437; *Macauly v. Robinson*, 18 La. Ann., 619; *Mills v. Stewart*, 62 Barb., 444; *Upton v. Burnham*, 5 Chic. L. News, 485; but a pledgee of stock who holds it as collateral is liable if it is transferred to him on the books of the company, though the dividends belong to the pledgor, *Holyoke Bank v. Burnham*, 11 Cush., 183; *Wheelock v. Kost*, 77 Ill., 296; *Pullman v. Upton*, 96 U. S., 328: 17 Alb. L. J., 425; *Rosevelt v. Brown*, 11 N. Y., 148; suit cannot be brought against one who is not a stockholder at the time, *Bond v. Appleton*, 8 Mass., 472; *Child v. Coffin*, 17 Mass., 64; *Bank of Middleton v. Magill*, 5 Conn., 28; *Dane v. Dane Mfg. Co.*, 14 Gray., 488; *Ripley v. Sampson*, 10 Pick., 371; *Dauchy v. Brown*, 24 Vt., 197; *McClaren v. Franciscus*, 43 Mo., 452; all liability that attaches to a stockholder as such is inseparable from ownership of the stock, *Merrimac Mining Co. v. Bagley*, 14 Mich., 505.

*F. O. Clark* for defendant in error.  Where a common law right has existed, and a statute is passed giving a new remedy without contravening that at common law, one can resort to either, Sedgwick Stat. and Const. Law, 93, 401-2; Abb. Dig. Corp., 401, par. 236; Ang. and Am. Corp., 625; § 622; *Exp. Van Riper*, 20 Wend., 614.

CAMPBELL, C. J.    Plaintiff in error was sued on a labor debt, as a stockholder of the Michigan Iron Company, a corporation organized under the General Mining law of 1853, which was adjudged a bankrupt in October, 1875.    The debt sued on accrued previously.

The defendant in error recovered judgment in the court below, and error is alleged upon two grounds: *first*, that the remedy only lies against stockholders holding stock at the time of suit brought, and *second*, that the corporation was not joined as co-defendant.

Upon the first point it is not necessary to pass, as the testimony showed Mr. Tilden to have admitted his

holding stock before the cause of action accrued, and the stock-book as introduced showed no subsequent transfer. If there had been any evidence of transfer before suit the question would have been fairly presented, but in the absence of such testimony no such transfer can be presumed.

The other question presents the inquiry, whether the act of 1877, revising the legislation on the subject of mining and manufacturing companies, and repealing the old laws, has so operated as to change the remedy and require the corporation as well as the stockholder to be sued in the same action.

The law of 1853 provides that a liability may be enforced "against any stockholders by action founded on this statute, at any time after an execution shall be returned and not satisfied, or at any time after an adjudication in bankruptcy against such corporation." Comp. L., 1871, § 2852.

No form of action is prescribed, and the suit could be brought in common law form setting forth the facts by which the liability had been established. On such action an execution would at once have issued against the stockholder sued.

The statute of 1877, repealing all the former acts with a saving clause of all rights not inconsistent with the new act, contains the following provisions:

"The stockholders of all corporations existing hereunder shall be individually liable for all labor performed for such corporation, which said liability may be enforced by action in assumpsit commenced within two years from the time when payment for such labor became due, and not afterwards. Every action against any stockholder for labor heretofore performed for any such corporation shall be brought within two years after this act takes effect, and not afterwards, but this shall not be construed as reviving any cause of action already barred by any statute of limitations, nor shall it include any cause of action, the right to sue for which will expire in less than two years after this act takes effect, by virtue of some existing statute of limitation. Suit for such labor may be commenced against any or all the

stockholders and the corporation jointly; but no levy shall be made upon the property of stockholders under an execution issued upon such judgment until the property of the corporation shall have been exhausted, and the clerk of the court issuing such execution shall endorse thereon a direction to the officer to that effect."

This action is in no sense a common law action in its incidents, although called an action of assumpsit, and is purely statutory. It is not disputed that plaintiff below could have resorted to it. The question is whether he had lost his former remedy.

Under the old law he could sue either after execution unsatisfied on a judgment against the company, or after its bankruptcy determined; and he could not sue otherwise. Of course if the company had not been put in one or the other of these predicaments no cause of action had accrued when the law of 1877 was passed, and its form of remedy was in some cases practically better and speedier than the old one. But in the present case the cause of action had completely accrued before the statute of 1877 was passed, and an action in common law form lay upon it. We see no reason why the permissive words of this statute should be regarded as mandatory, and as compelling as well as allowing a joinder of parties not before required, and a new suit in some cases, which would be of no possible use. The unsatisfied judgment on the decree in bankruptcy would both indicate the insolvency of the corporation and the fruitlessness of a new judgment or execution against it. We cannot see that allowing an action to be brought against the stockholder alone under the fixed liability is in any way inconsistent with the permissive clause of the new law, and the reasons are all in favor of preserving the old right, because some injustice would be done by postponing the issue of execution against the stockholder sued, which might work prejudice. And if the cause of action depended, as it might have done, on the return of an execution unsatisfied before suing the stockholder,

the application of the statute of 1877 would compel a new suit against the corporation on a claim already in judgment against it, and a new execution to be issued and returned unsatisfied, when a similar remedy had already been exhausted.

We think plaintiff below had a right to enforce his remedy when the new law was passed, and that the new statute did not destroy it.

There is no error in the record, and the judgment must be affirmed with costs.

MARSTON and GRAVES, JJ., concurred.

COOLEY, J. (dissenting). The conclusion of my brethren in this case leads to this: that the plaintiff has a choice of two remedies; one under the act of 1877 and one under the previous statute. I have not been able to satisfy myself that the previous remedy remained after that act was passed. That act very properly saved to all parties their existing rights, but it did not assume to save remedies; and as the new remedy was entirely ample, there was no special reason why it should.

Had suit been brought under the act of 1877 the corporation must have been joined as defendant to fix its liability, though its bankruptcy, I think, would have rendered unnecessary and futile the suing out of execution against it.