135   604
138   ² 66₁

WINEMAN v. FISHER.

1. CORPORATIONS — LABOR   DEBTS — STOCKHOLDERS'   LIABILITY — DECLARATION.

In a suit commenced in justice's court against defendant as a stockholder in a corporation, plaintiff declared in an action of *assumpsit* on the common counts, and specially on a certain justice's judgment in favor of plaintiff and against the corporation for a labor debt, and alleged that recovery was sought under 2 Comp. Laws, § 7065, making stockholders of a corporation personally liable for labor performed for the corporation.   *Held,* that, under the liberal rules of practice in justice's court, the declaration was sufficient.

2. SAME—MOTION FOR NEW TRIAL—OBJECTIONS—APPEAL.

Where, in an action against a stockholder of a corporation for

a labor debt, the court directed a verdict for defendant on the ground that his liability had terminated by a discharge in bankruptcy, an objection that there was no evidence that plaintiff had performed labor for the corporation, raised for the first time in opposition to plaintiff's motion for new trial, should not be considered, either on the disposition of the motion or on appeal from the court's order denying the same.

3. SAME—EVIDENCE—JUDGMENT AND EXECUTION.
   On the trial of such action, a judgment against the corporation, reciting that it was for labor performed, and an execution issued thereon, returned unsatisfied, were admissible in evidence, as against an objection that defendant, as a stockholder, was not bound thereby; and such objection was insufficient to warrant the after contention that there was no competent evidence that the claim against the corporation was for labor.

4. BANKRUPTCY—DISCHARGE—LIABILITY—BURDEN OF PROOF.
   A discharge in bankruptcy does not, by the terms of the act, release the bankrupt from claims omitted from the schedule, unless the creditor had knowledge or notice of the bankruptcy proceedings; and the burden of proving such knowledge or notice rests upon the bankrupt.

Error to Wayne; Brooke, J. Submitted November 5, 1903. (Docket No. 95.) Decided February 16, 1904.

*Assumpsit* by Hugo A. Wineman against Frank E. Fisher to enforce defendant's liability for a labor debt of a corporation in which he was a stockholder. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*William Stacey*, for appellant.

*George W. Bates*, for appellee.

CARPENTER, J. Plaintiff brought this suit in justice court. His declaration was "in an action of *assumpsit* on all the common counts, and specially on a certain judgment rendered by Justice Stein, one of the justices for the city of Detroit, on the 3d day of July, A. D. 1899, in favor of said plaintiff * * * and against the Fisher Electrical

Manufacturing Company, on a labor debt, for the sum of $251.16, and interest since the date of said judgment. Recovery is sought in this case under section 7065, 2 Comp. Laws 1897, which makes stockholders of a corporation personally liable for labor performed for the corporation." The plea was the general issue, with notice that defendant would rely upon a discharge in bankruptcy. The trial in the justice court resulted in a judgment for plaintiff.. The case was appealed to the circuit. On the trial in that court plaintiff offered in evidence the judgment referred to, which contained this recital:

"That the entire amount of said judgment is for labor performed by the plaintiff for the defendant prior to the 15th day of February, 1898, and that the same is a preferred claim, under Act No. 94 of the Public Acts of 1887, against the estate of the defendant."

He also offered in evidence an execution returned unsatisfied. These were objected to on the ground that defendant, as a stockholder, is not bound by any judgment against the original debtor. This objection was overruled, and the judgment and execution admitted in evidence.

Defendant introduced in evidence a discharge in bankruptcy, dated July 12, 1899. By its terms defendant was "discharged from all debts and claims which are made provable by said acts against his estate, and which existed on the 17th day of May, A. D. 1899, * * * excepting such debts as are by law excepted from the operation of a discharge in bankruptcy." The schedule of liabilities in the bankruptcy proceedings did not include plaintiff's claim.

The court directed a verdict for the defendant upon the ground that the discharge in bankruptcy put an end to his liability. Leave was reserved at the same time to enter a verdict for the plaintiff if, on a motion for a new trial, the court should become convinced that such a direction was proper. In opposition to a motion for a new trial, defendant was permitted to urge that the verdict was properly

directed, not only because of the discharge in bankruptcy, but because the declaration did not set forth a cause of action, and also because there was no evidence that plaintiff had performed labor for the Fisher Electrical Manufacturing Company; and the court for these reasons, as well as for the reason that the discharge constituted a defense, denied the motion.

We think, under the liberal rules governing practice in justice court, the declaration was sufficient. See *Hartford* v. *Holmes*, 3 Mich. 460; *Cicotte* v. *Morse*, 8 Mich. 427. It clearly apprised defendant of the claim asserted against him, and was not open to objection under the decisions of *Tilden* v. *Young*, 39 Mich. 58, and *Chicago, etc., R. Co.* v. *Sturgis*, 44 Mich. 538 (7 N. W. 213).

We do not think that the objection that there was no evidence that plaintiff had performed labor for the Fisher Electrical Manufacturing Company should have been considered by the circuit judge on the motion for a new trial, nor that it should be considered by this court. Assuming that the recital that "the entire amount of said judgment is for labor performed" has no effect as evidence, because the statute which authorized it was unconstitutional (see *Fisher* v. *Wineman*, 125 Mich. 642 ʼ[84 N. W. 1111, 52 L. R. A. 192]), this objection should have been made before the trial court directed a verdict. That objection was not made. The objection that the judgment and execution were inadmissible in evidence because defendant, as a stockholder, was not bound thereby, was properly overruled,—for the judgment was clearly admissible in evidence,—and did not raise the question now under consideration. In directing a verdict for the defendant on the ground that the proceedings in bankruptcy terminated his liability for the claim in suit, the court assumed that there was evidence of such liability. To permit defendant to shift his defense after he obtained a verdict on this assumption would be manifestly unjust and unfair to plaintiff. Had the objection now under consideration been made before verdict, it is by no means certain that the court would

not have permitted plaintiff to answer it by introducing additional testimony. In any event, plaintiff could then have avoided the effect of a final adjudication by submitting to a nonsuit.

The important question in the case is whether the debt for which suit was brought was discharged by the bankruptcy proceeding. Section 17 of the national bankruptcy law reads:

" A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." Act July 1, 1898, chap. 541, 30 Stat. 550.

It is apparent from this language—and it is so held; see *Tyrrel* v. *Hammerstein*, 6 Am. Bankr. R. 430, 67 N. Y. Supp. 717—that the discharge does not release the bankrupt from claims omitted from the schedule, unless the creditor has notice or knowledge of the bankruptcy proceedings. There was no evidence in this case that plaintiff had such notice or knowledge. It is contended by the defendant that plaintiff was bound to prove that he did not have it. We think the burden of proving that plaintiff had such notice or knowledge rested upon defendant. See Potter's Dwarris, Stat. & Const. p. 119; Sedgwick, Stat. Constr. (2d Ed.) p. 93; 1 Chitty, Crim. Law, p. 283.

The judgment of the court below must therefore be reversed, and a new trial granted.

The other Justices concurred.