*In re* McLENNAN'S ESTATE.

McRAE'S APPEAL.

1. WILLS — ESTATES OF DECEDENTS — ABATEMENT OF LEGACIES — EXECUTORS AND ADMINISTRATORS—ACCOUNTING.

In disposing of his estate, decedent gave one-half to one beneficiary and provided for others by specific legacies, leaving the balance of his estate to appellant, his sister. His widow survived the testator, and claimed her dower and statutory interest in the estate. In a proceeding to determine who should sustain the decrease in amount, *held*, that since the testator must be presumed to have known of his wife's interest, and that he could not defeat it by will, he must have intended by the words "my estate," the part that was left after it had been diminished by her rights, or interest, and that the residuary estate should not bear the entire deduction.

2. SAME—CONSTRUCTION.

As between legacies which are in their nature mere bounties, the testator will be presumed to have intended equality, to such extent as the language employed will permit.

3. SAME—ESTATE—DEFINITION.

Estate signifies the entire condition in respect to property, of a bankrupt, decedent, or insolvent: in wills when not qualified in any way, the term is said to be nearly synonymous with property. In a wider sense the word "estate" denotes a man's whole financial status or condition, the aggregate of his interests and concerns, so far as regards his situation with reference to wealth or its objects, including debts and obligations, as well as possessions and rights.

4. SAME—INTENT—AMBIGUITIES.

Ambiguous or uncertain words and phrases employed in a will are to be weighed and interpreted in the light of pertinent surrounding facts and the circumstances attendant thereon; effect is to be given, so far as possible, to the entire instrument.

Error to Lapeer; Smith, J. Submitted January 15, 1914. (Docket No. 83.) Decided March 27, 1914.

J. Herbert Cole, executor of the estate of John McLennan, deceased, presented his final account for allowance. From an order of the probate court allowing such account, and ordering one-half of the estate to be paid to said Cole as legatee, Mary McRae appealed to the circuit court. Order affirmed, and appellant brings error. Reversed.

*Patterson & Patterson,* for appellant.

*Geer, Williams & Halpin,* for appellee.

STEERE, J. This case involves a construction of the will of John McLennan, to determine between two of the beneficiaries which must bear the loss occasioned by the election of his widow to take her statutory and dower rights in his estate.

Testator was a resident of Lapeer, Mich., and died November 16, 1910. On the previous day, November 15th, just before undergoing a surgical operation which he did not survive, he made his will, which, omitting the formal parts, is as follows:

"*First.* I will and direct that all my just debts and funeral expenses be paid in full.

"*Second.* I give, devise and bequeath my estate, both real and personal, as follows:

"One-half to J. Herbert Cole. One thousand dollars to Ewin McLennan of Lapeer, Mich. One thousand dollars to William McLennan of Lapeer, Mich. One thousand dollars to Lapeer Savings Bank, Lapeer, Michigan. One thousand dollars to Rebe Haddrill of Lapeer, M. The balance of my estate to my sister, Mary McRae.

"I hereby appoint J. Herbert Cole and Edgar S. Hough of Lapeer, Mich., executor of this my last will and testament.

"Lastly. I hereby revoke all former wills by me at any time made."

Deceased was an elderly man of extensive business experience, and of sound mind. He left an estate appraised at approximately $30,000; $19,650 of which was real estate and the balance personal. A widow and daughter, both in precarious health, survived him. His widow, Martha R. McLennan, to whom he was married in 1871, was living in their home at Lapeer in a serious condition of body and mind at the time of his death. Shortly thereafter she was committed to an asylum, where she remained for some time, but subsequently recovered her sanity and health. The daughter, Bessie Cole, wife of J. Herbert Cole, was then in El Paso, Tex., in the last stages of tuberculosis and survived her father but a few days. She left no children.

After the will had been admitted to probate, and administration of the estate had proceeded for some time, the widow filed an election to take her statutory allowance and a petition for assignment of her dower in the real estate. Proceedings were then taken by which her dower was admeasured and set off to her by commissioners appointed by the probate court. Subsequently a final account was filed by the surviving executor, which showed that the estate had been

well conserved and handled; a profit over the inventory being realized on certain personalty and realty which was disposed of. In this account the four legacies of $1,000 each are shown to have been paid and an item of $6,000 is credited as paid to J. Herbert Cole, legatee. Upon this the following order was made:

"It is ordered that said account be and is hereby allowed. The court finds it impossible to decree the residue of said estate, a part of which is real estate, in harmony with the intent of the said will, without a sale of the fee in lands set off as dower, or under the provisions of section 9451 of the Compiled Laws; that is, to assign the whole to one on condition that he or she pay to the other such sums as may be determined by commissioners appointed for that purpose. The court is otherwise powerless to convey to one devisee any interest whatever belonging to another (either by devise or by the intestate law of the State) by decree. Therefore the case is referred back to the said executor for further action or consideration relating to decreeing said residue of the estate, except that the residue of the personal estate is hereby decreed to J. Herbert Cole one-half, and to Martha McLennan one-half."

The apparent result of this order is a construction of the will which gives to J. Herbert Cole one-half of the entire estate before the statutory and dower interests of the widow are taken out, and puts the entire loss upon the interest of Mary McRae, to whom the will, silent as to the wife, gave "the balance of my estate." On her appeal from this order to the circuit court of Lapeer county, the action of the probate court was sustained, and she has now brought the case here for review.

No question is raised as to the four legacies of $1,000 each, or the rights of the widow. Her dower has been assigned to her. By statute she takes one-half the personal property up to $5,000, and one-fourth of the residue, if any, after debts, allowances,

and expenses of administration are paid.    Section 9300, 3 Comp. Laws; Act No. 331, Pub. Acts 1905 (4 How. Stat. [2d Ed.] §§ 11013, 11038).

The one question in this case is whether the will must be construed as giving to Cole one-half of the estate as inventoried and appraised, less debts and expenses which, it is conceded, must be deducted, or one-half of the net estate, or that portion of the estate considered as a whole which testator had a legal right to dispose of by will.    The only parties interested in the question are appellant, Mary McRae, and J. Herbert Cole.    The validity of the will is not in issue, and it is conceded that the four legacies for stated amounts stand undisturbed under either of the constructions contended for..    The election of the widow, or assertion of her right to take that which the law gives her, reducing to that extent the total of the estate as appraised, is the disturbing factor.    This cannot in any event affect the validity of the will or the testamentary dispositions made by it, except to cause a diminution of the amount otherwise anticipated by the two beneficiaries, which must be borne by appellant alone, or jointly with Cole.

The various assignments of error by appellant all center on the contention that the will, omitting any provision for or mention of the wife, was intended to mean, and by its terms must mean and operate upon, only that portion of his estate which the statute authorizes him to dispose of by will.    It is pointed out in that connection that said section 9300 expressly states that all disposition of personal property is subject to the limitations and restrictions created by the interests and rights given the wife.    The widow's dower rights are fixed by statute, and her title thereto vests at once in the real estate of which her husband dies seised.    She may bring ejectment therefor without assignment of the same to her, after the expiration of six months from the time her right accrued.

3 Comp. Laws, § 10948 (5 How. Stat. [2d Ed.] § 13148). Under the statute for partition and distribution of estates amongst heirs, devisees, and legatees, it is provided that distribution and assignment of the assets shall be subject to the widow's right of dower, unless the same has been assigned to her on her application, or that of some other person interested in the land.

In behalf of appellee, it is contended that the intention of testator could not have been more clearly and concisely expressed to dispose of all he possessed by leaving to Cole one-half of it, $4,000 to named beneficiaries, and the rest to Mary McRae, thus making her a residuary legatee under his will. The language used in reference to her legacy undoubtedly puts her in that class, as a person to whom the testator bequeaths the residue of his estate after payment of such other legacies as are specifically provided for in the will; but this throws little light on the question of what the testator meant by "one-half to J. Herbert Cole." It would amount to the same thing if the testator had said one-half to Cole, and the other half to Mary MeRae, subject to the four legacies of $1,000 each. She would yet remain a residuary legatee. Both are given general legacies of uncertain amounts, contingent on the size of the estate, and payable out of its general assets; his a stated proportion, and certain to that extent; hers the balance, uncertain in the further particular that she gets nothing unless the half exceeds the four pecuniary legacies which must be first paid.

Numerous interesting authorities are cited by counsel involving questions of deficiency, abatement, contribution, and proportionate reduction of legacies; mostly cases where the widow, refusing to take that left her by her husband's will in lieu of her dower or her statutory portion, has elected to take that given her

by statute, and thus reduced the estate so that there was not sufficient to pay all legacies in full. Those cases sustain the general proposition contended for by appellant that, where the assets of an estate prove insufficient to pay all debts and legacies, the general legatees must abate proportionately, to meet the loss, where a proportion is shown by statement of definite amounts, or fractions of the estate; but we think they fail to disturb the well-settled rule that a residuary legatee cannot call upon other than a residuary lega- tee to abate; the principle being that the testator only intended the residuary legatee to receive that which, if anything, should remain after all other provisions of the will were satisfied. In our opinion, this case does not turn on the questions chiefly elaborated in those cases, and they need not be considered further. Unless the will is construed to mean that Cole's half is half of all the property inventoried, including that of the wife, there is no deficiency, and nothing to abate.

In construing a will, the cardinal principle is to reach the testator's intentions as disclosed by the instrument, and to give effect to the whole, so far as the wording will permit, and is consistent with existing laws. To that end the document itself is first consulted, and, if its terms, in the connection used, are clear and unambiguous, the inquiry ends; if not, the uncertain words and phrases used are weighed and interpreted in the light of pertinent surrounding facts and circumstances which may tend to indicate what the testator had in mind at the time. Except for the one question raised as to the intended meaning of the word "estate," this will is a clear and concise model of brevity, plainly expressing just what disposition testator intended to make of the property he would leave. It contains no circumlocution, and practically no recitals or explanations. With the ex-

ception of his "sister," the beneficiaries are only described by name and place. The six legacies are all general, as distinguished from specific legacies, there being no designation of a particular thing or fund, and are all to be realized from the estate taken as a whole. Four of them are general pecuniary legacies of stated sums of money. The two in conflict here are not, strictly speaking, even pecuniary legacies; Cole's being a fractional part of all the real and personal property of the estate and appellant's a residue, with no intimation of what either would amount to. Precaution is taken to provide that all testator's just debts and funeral expenses be first paid, but no information is given as to the amount or nature of his debts.

It is shown that a wife and daughter, who are not mentioned in the will, survived testator. As to them it is said and partially shown, and not questioned, that they were otherwise abundantly provided for, and it was then anticipated neither would long survive. Nevertheless the wife had substantial rights in and claims upon the property her husband left, open for her to assert, and which she did assert, not mentioned or recognized in his will, unless as a part of his "just debts" which were provided for. In its practical effect upon the estate, her claim stood as that of any other creditor, to be liquidated through the probate court, if asserted and proven, reducing the gross amount of the estate in either case by the amount of the claim. He could no more defeat her claim by will than he could that of any creditor. While by statute her action in asserting her claim is termed an election, his omission to make any provision for her in lieu thereof renders her so-called election not a choice between a provision he made for her by will and that which the law gave her, but strictly an election to assert her right to what belonged to her and the estate owed her, as might any creditor.

In *Miller* v. *Stepper*, 32 Mich. 194, it is said of the dower right and statutory allowances of the widow:

"He [the husband] cannot cut off creditors, nor the proper charges and allowances pertaining to administration and settlement of his estate. He cannot cut off the widow's right to dower in his lands, against her will. But, apart from the exceptional limitations upon his power of disposition, he may dispose of his own property according to his pleasure.  *   *   *
· "Whether provision is or is not made by the will in favor of the widow, the debts must be paid, and the expenses and allowances pertaining to administration must likewise be satisfied.  *.  *   *  Whilst her right to a distributive share of one-third is cut off by the gift of the whole personalty to others, her right to allowance under this statute is independent of the will, and superior to its dispositions. It is an allowance ordained by the law itself, and not subject to be hindered by the exercise of the testamentary right of the husband. It does not depend at all upon the nonexistence of a will. The law which gives it expressly supposes there may be a will."

It is urged in behalf of appellee that the wife's portion must be included in apportioning to Cole his half of the estate, and deducted from the other half, because that which belongs to the widow is necessarily a part of testator's "estate;" a man's estate being "the whole of his property, real and personal, of which he died seised and possessed, less the amount of his debts"—citing *Johnson* v. *Miller*, 33 Miss. 553. In the matter of definitions counsel could go further, by authority, and include the debts:

"In a very common use, 'estate' signifies the entire condition in respect to property of an individual; as in speaking of a bankrupt, decedent, or insolvent estate, or of administering upon an estate. Here not only the property, but indebtedness, is a part of the idea. The estate does not consist of the assets only. If it did, such expressions as 'insolvent estates' would be misnomers." *In re Hinckley's Estate*, 58 Cal. 457.

It would scarcely be contended that, as a basis of

ascertaining what estate a testator intended to dispose of by his will, his debts should be added to his assets. "Estate" is a word of varied meaning, according to the connection in which it is used. It may signify a person's condition in life in various ways; in reference to prosperity or adversity, character, rank, social position, income, or property. In wills, when not qualified in any way, it is said to be nearly synonymous with property. Underhill on Wills, § 295. By its strictest legal definition it means an interest in real estate.

"In a wider sense, the term 'estate' denotes a man's whole financial status or condition—the aggregate of his interests and concerns, so far as regards his situation with reference to wealth or its objects, including debts and obligations, as well as possessions and rights." Black's Law Dictionary.

Definitions alone do not furnish a construction of this will. Within the scope of possible meaning of the word, it must be determined from the context and surrounding circumstances what testator necessarily or naturally meant by his estate when preparing his will. It must be presumed that he knew his wife had an interest in his estate which he could not dispose of or defeat by will; that he intended to include in his will only such property as was subject to his lawful distribution, and upon which the will would operate, and that, with such knowledge and purpose, he made the apportionment to those whom he selected as the objects of his bounty by testamentary gifts. The scheme of the will was such that it would not be frustrated or disturbed, and no rearrangement would be necessary, whether his wife did or did not assert her claim. Apt language in that respect was used to cover either contingency:

A wife's interest in her husband's estate, and particularly her right of dower, is such common knowledge that we can almost presume testator knew of it

as a matter of fact. As a presumption of law, it must be held he knew it. He made no provision for her; as to her share of the estate there is no will. This, with the exercise of her right to reduce the estate by what she was entitled to, as might any creditor, left what remained in fact and legal effect the *whole* of his estate subject to disposition under his will, which in all its parts can speak only as to that which it affects.

As between legacies, which are in their nature mere bounties, the presumption is in favor of intended equality to the extent the language used permits. To construe the will as carving the wife's portion of the estate entirely out of the one-half of it does violence to such presumption.

We conclude that all reasonable presumptions sustain the proposition that testator, in the use of the word "estate," intended to confine that term to the property upon which his will could operate, and in relation to which it could and would speak.

For the reasons stated, the judgment will be reversed, and the case remanded for such further proceedings as may be necessary in the execution of said will, according to the foregoing construction thereof.

McAlvay, C. J., and Brooke, Kuhn, Stone, Ostrander, Bird, and Moore, JJ., concurred.