*In re* ESTATE OF REYNOLDS.

REYNOLDS *v.* MILLER.

1. EXECUTORS AND ADMINISTRATORS—LABOR CLAIMS—PREFERENCES—
   STATUTES.

   State statute making ''all debts for labor preferred claims
   against estates of debtors becoming insolvent'' *held*, to have
   no reference to ''debts having a preference by the laws of the
   United States'' as provided in statute for order of payment
   of claims against estates of deceased persons (3 Comp. Laws
   1929, §§ 15930, 15699).

2. STATUTES—REPEAL BY IMPLICATION NOT FAVORED.

   The repeal of a statute by implication is not favored but the
   intent to repeal must very clearly appear.

3. SAME—REPEAL BY IMPLICATION.

   Only when two acts are so incompatible that both cannot stand,
   does a later act repeal a former.

4. EXECUTORS AND ADMINISTRATORS—LABOR CLAIMS—PREFERENCES—
   STATUTES—PROBATE COURTS.

   Statute, giving preferential status to labor debts against estates
   of debtors becoming insolvent, which made no reference to,
   nor provision for, proceedings in probate court as to insolvent
   estates of decedents although providing for enforcement of
   preference in other proceedings, *held*, not to have been intended
   to affect long-established statute as to probate practice with
   reference to estates of decedents which did not provide for such
   preference (Act No. 94, Pub. Acts 1887; R. S. 1846, chap. 72,
   § 36 [3 Comp. Laws 1929, §§ 15930, 15699]).

5. WORDS AND PHRASES—ESTATE.

   ''Estate'' is a word of varied meaning, according to the connec-
   tion in which it is used; it may signify a person's condition
   *in life* in various ways, in reference to prosperity or adversity,
   character, rank, social position, income or property.

6. SAME—ESTATE—STATUTES.

In statutes, when word ''estate'' is not expressly defined, its import depends in great degree upon its association with other expressions, and the fixed absolute sense of the word in the abstract must give way to the connection in which it is used.

7. EVIDENCE—PRESUMPTION—STATUTES.

Legislature, in passing a statute, is presumed to have done so with a full knowledge of existing statutes.

8. EXECUTORS AND ADMINISTRATORS—STATUTES—AMENDMENT.

Enactment of amendment to statute setting forth order of payment of claims against estates of decedents without giving preference to labor claims, which amendment was enacted long after statute giving preference to labor debts against estates of insolvent debtors *held,* to give added weight to inference that preference was not to be accorded such claims against insolvent estates of deceased persons (Act No. 45, Pub. Acts 1929, amending Act No. 314, chap. 56, § 6, Pub. Acts 1915; Act No. 94, § 1, Pub. Acts 1887 [3 Comp. Laws 1929, §§ 15699, 15930]).

9. COSTS—CONSTRUCTION OF STATUTES.

No costs are allowed upon reversal of judgment granting labor claimants preference against insolvent estate of deceased person where appeal involves the construction of statutes (3 Comp. Laws 1929, §§ 15699, 15700, 15930, 15931).

Appeal from Alpena; Smith (Fred P.), J. Submitted October 10, 1935. (Docket No. 45, Calendar No. 38,371.) Decided January 7, 1936.

In the matter of the Estate of William H. Reynolds, deceased. Carl Miller and others presented their claims for labor performed for deceased. From decision of commissioners on claims allowing claims but denying preference, claimants appealed to circuit court. Judgment for claimants. Dora E. Reynolds, administratrix, appeals. Reversed.

*Arthur B. Wilkins (Carl R. Henry* and *Harold R. Martin,* of counsel), for appellant.

*William C. Bishop,* for appellee Leski.

*Isadore Isackson,* for appellee Miller and others.

TOY, J. William H. Reynolds died November 25, 1932, leaving an estate with assets of the value of $3,116.31. Claims were filed against the estate in the probate court and allowed by commissioners on claims in the sum of $14,251.10, of which $2,443.23 was for labor claims, being for labor performed by 18 claimants, for the Lakeside Cranberry Company, of which decedent was the owner.

The labor claimants appealed to the circuit court from the decision of the commissioners on claims contending, that because William H. Reynolds was insolvent at the time the labor debts were contracted and because his estate, after his death, was insolvent, that therefore they, as labor claimants, were entitled to preference in payment of their claims against the estate, by virtue of Act No. 94, § 1, Pub. Acts 1887 (3 Comp. Laws 1929, § 15930). The commissioners on claims had allowed these labor claims, but had disallowed the claimed preference.

The administratrix of the estate filed her answer, categorically denying the allegations of the claim of appeal and reasons therefor.

Upon the trial in the circuit court, on said appeal, claimants introduced testimony which indicated the insolvency of William H. Reynolds at the time the labor claims were contracted by him in his lifetime, and also submitted proof of the fact that his estate was now insolvent. There was no testimony offered by the administratrix in contradiction. She conceded the amount of the claims and the fact that they were for labor performed for the decedent during his lifetime, but denied their claim to preferment.

It seems that the sole issue before the circuit court was whether the labor claimants were entitled to preference in payment from the assets of the estate of the decedent by reason of the statute referred to above.

The administratrix contended that the order of preference in which claims against the estate should be paid is controlled by Act No. 314, chap. 56, §§ 6, 7, Pub. Acts 1915, as amended (3 Comp. Laws 1929, §§ 15699, 15700),* and that section 15930 has no application.

The trial judge took the case from the jury and entered judgment for the claimants, finding that they were "entitled to a preference in the payment of their labor debts as claimed." The court thereupon issued an order directing the administratrix to file in the probate court a representation of the insolvency of the said estate, and that, "upon said representation being filed, the probate judge for the county of Alpena shall schedule the allowed labor claims of the above entitled appellants (claimants) as class three (referring to 3 Comp. Laws 1929, § 15699) and that said claims shall be paid in that order by the probate court."

Motion for a new trial was made and denied. Whereupon the administratrix appealed to this court.

The statute, upon which appellees rely in their contention that their labor claims are preferred in payment, is Act No. 94, § 1, Pub. Acts 1887 (3 Comp. Laws 1929, § 15930), which, with its title, reads as follows:

"An act to make all debts for labor preferred claims against the estates of debtors becoming in-

---

* These sections as originally enacted in 1915 reenacted R. S. 1846, chap. 72, §§ 36, 37.—REPORTER.

solvent, and give the same precedence over all debts not a lien on such estates prior to the performance of such labor.

"*The People of the State of Michigan enact:*

"SECTION 1.  That all debts which shall be owing for labor by any person or persons or corporation at the time he, they or it shall become insolvent, shall be preferred claims against the estate of such insolvent debtor or debtors, and have precedence in the payment thereof over all debts owing by such insolvent debtor or debtors at the time of becoming, insolvent, which shall not have become a lien on such estate, or some portion thereof prior to the performance of the labor for which such debts for labor shall be owing."

(For the complete language of this entire act see note to *Fisher* v. *Wineman,* 125 Mich. 642, 644 [52 L. R. A. 192]).

Appellant contends that the above quoted section has no application to claims against the estate of a deceased person, where the assets, after paying the necessary expenses of administration, shall not be sufficient to pay the debts against the estate, but that such claims must be paid as commanded by 3 Comp. Laws 1929, §§ 15699, 15700, which read as follows:

"SEC. 6.  If the assets which the executor or administrator may have received, and which can be appropriated to the payment of debts, shall not be sufficient, he shall, after paying the necessary expenses of administration, pay the debts against the estate in the following order:

"1.  The necessary funeral expenses as determined by the judge of probate;

"2.  The expenses of the last sickness;

"3.  Debts having a preference by the laws of the United States;

"4. Debts due to other creditors, including any remainder of the funeral expenses over and above that determined as necessary by the judge of probate (Act No. 314, chap. 56, § 6, Pub. Acts 1915, as amended by Act No. 45, Pub. Acts 1929 [3 Comp. Laws 1929, § 15699]).

"Sec. 7. If there shall not be assets enough to pay all the debts of any one class, each creditor shall be paid a dividend in proportion to his claims; and no creditor of any one class shall receive any payment until all those of the preceding class shall be fully paid" (3 Comp. Laws 1929, § 15700).

We are called upon to decide whether the appellees are entitled to a preference in the payment of their claims against the estate. To make decision requires an interpretation, on the question involved, of the respective statutes above quoted.

The trial judge decided, in effect, that section 15930 was to be construed as a modification of section 15699, and that the labor claims involved should be scheduled as "class three" of section 15699. But we find that class three contained in that section reads as follows:

"3. Debts having a preference by the laws of the United States."

Obviously, section 15930 does not refer to any debt having a preference by the laws of the United States. The construction adopted by the trial judge would modify and amend section 15699, and would impliedly repeal portions thereof. Did the legislature, by the enactment of section 15930, so intend?

It must be remembered that repeals by implication are not favored. In the case of *Michigan Telephone Co.* v. *City of Benton Harbor,* 121 Mich. 512, 517 (47 L. R. A. 104) the court said:

"Repeals by implication are not favored. To this proposition it is unnecessary to cite authorities. The intent to repeal must very clearly appear, and courts will not hold to a repeal if they can find reasonable ground to hold the contrary."

This court has held that only, when two acts are so incompatible that both cannot stand, does a later act repeal a former. *Village of Highland Park* v. *McAlpine,* 117 Mich. 666; *In re Simmons,* 248 Mich. 297. Is there such incompatibility between the acts under consideration?

Sections 15699 and 15700 first appeared in practically their present form in the Michigan Revised Statutes of 1846 (chap. 72, §§ 36, 37). However, practically the same content was embodied in the Michigan Revised Statutes of 1838,* which evidently followed verbatim the Massachusetts statutes on the same subject. The wording of these two sections as contained in the Michigan Revised Statutes of 1846 remained the same until 1929.

By Act No. 45, Pub. Acts 1929, Act No. 314, chap. 56, § 6, Pub. Acts 1915,† was amended by adding to class "1" thereof the words "as determined by the judge of probate," and by adding to class "4" thereof the words "including any remainder of the funeral expenses over and above that determined as necessary by the judge of probate."

It will be seen, therefore, that the legislature early established the probate practice to be followed in paying the debts of a decedent's estate, when the assets thereof are insufficient to pay all of such debts in full, or in other words, when the decedent's estate is insolvent. This legislation was part of the important system of probate practice and procedure,

---

* See Part 2, Title 4, Chap. 4, § 13.—Reporter.
† See 3 Comp. Laws 1929, § 15699.—Reporter.

so vital in our system of government and early established by our statutes.

Was this important public statute of long standing inferentially repealed or modified by the subsequent enactment of section 15930?

Section 15930 is section 1 of Act No. 94, Pub. Acts 1887. This entire act apparently was intended by the legislature to be in and of itself all comprehensive. Section 1 thereof states:

"That all debts, which shall be owing for labor by any person or persons or corporation at the time he, they or it shall become insolvent, shall be preferred claims against the estate of such insolvent debtor or debtors."

Section 2 thereof provided for procedure to enforce such preference in actions at law. This section was held to be unconstitutional in the case of *Fisher* v. *Wineman, supra.* Section 3 thereof (3 Comp. Laws 1929, § 15931) provides for procedure to effect such preference in equity.

It would seem, therefore, that the legislature did not intend that this latter act (Act No. 94, Pub. Acts 1887) should apply to the distribution of the assets of a decedent's estate, for it attempted to make no provision in regard thereto, nor did it make provision for proceedings in probate court to effect the same.

What then, did the legislature mean when it used the word "estate," in section 15930, in stating that debts owing for labor "shall be preferred claims against the *estate* of such insolvent debtor or debtors?"

Mr. Chief Justice CHAMPLIN, speaking for the court, said in reference to this same statute, in the case of *Appeal of William Black,* 83 Mich. 513:

"It is merely a statute regulating the distribution of *insolvent estates.* * * * Its merits are of the

same nature as those which prefer debts due to the United States, or to the State, and debts due for the last sickness and funeral expenses, in *insolvent estates of deceased persons,* and I think it should have a just and liberal construction."

It will be observed that in the above language the court distinguished between "insolvent estates," as referred to in the language of section 15930, and "insolvent estates of deceased persons" covered by sections 15699 and 15700. While it might be argued that the above quoted portion from the opinion of the learned Chief Justice making such a distinction, was *obiter dictum* yet we think that it has forceful application to the case now before us.

In the case of *In re McLennan's Estate,* 179 Mich. 595, this court said:

" 'Estate' is a word of varied meaning, according to the connection in which it is used. It may signify a person's condition *in life* in various ways; in reference to prosperity or adversity, character, rank, social position, income or property."

In reference to the word "estate" we find that in 21 C. J. p. 915, the following was said:

"In statutes, when not expressly defined, the import of the term depends in a great degree upon its association with other expressions, and the fixed absolute sense of the word in the abstract must give way to the connection in which it is used."

The legislature in passing Act No. 94, Pub. Acts 1887, is presumed to have done so with a full knowledge of existing statutes. Therefore, in interpreting the said act, we presume that the legislature, in its enactment, had full knowledge of the existence of R. S. 1846, chap. 72, §§ 36, 37, and that when it enacted in section 1 (section 15930) that labor debts

"shall be preferred claims against the estate of such insolvent debtor or debtors," it did not mean to include therein the distribution of assets in insolvent estates of *deceased* persons. To hold otherwise would be to favor repeal by implication.

If the legislature had intended to repeal any part of such a vital, important and long standing law relating to probate procedure and practice, it is reasonable to suppose that it would have expressly so stated and not left it to be inferred or conjectured. *Attorney General, ex rel. Owen,* v. *Joyce,* 233 Mich. 619.

Let it be remembered that as recently as 1929 the legislature amended Act No. 314, chap. 56, § 6, Pub. Acts 1915, by the passage of Act No. 45, Pub. Acts 1929, by adding the certain phrases hereinbefore mentioned, 3 Comp. Laws 1929, § 15699. The fact that at that time no change was made so as to include "labor" debts as preferred claims, gives added weight to the inference that the legislature in passing Act No. 94, § 1, Pub. Acts 1887 (section 15930), did not intend that such preference as given therein should apply to section 15699.

It may be true, as counsel says, that there is just as much reason for giving labor claims preference under the one statute as under the other, but that is an argument to be addressed to the legislature rather than to the court.

The language of section 15930 does not specifically deal with insolvent estates of *deceased* persons; sections 15699 and 15700 do. They are not incompatible statutes. Therefore, we hold that section 15930 does not by implication modify or repeal sections 15699 and 15700. Each statute stands by itself. Each statute may be enforced alone.

It therefore follows that the circuit court was in error in its judgment and order thereon preferring

the labor claims of appellees. For the reasons stated, the judgment is reversed.

As this appeal involves the construction of statutes, no costs will be allowed.

North, C. J., and Fead, Wiest, Butzel, Bushnell, Edward M. Sharpe, and Potter, JJ., concurred.