*In re* WILSON ESTATE.

STURGES v. BROWN.

1. WILLS—CONSTRUCTION—AMBIGUITY—EXTRINSIC EVIDENCE.
Extraneous facts and circumstances, not discernible from testamentary instrument itself, may be examined when the language used in it is not clear and unambiguous, but when the language is clear and free from ambiguity, resort may not be had to extrinsic evidence.

2. SAME—CONSTRUCTION—RESIDUARY CLAUSE.
Provision of will that "all the rest, residue and remainder of my property, both real and personal, wherever situated, which I own and all property over which at the time of my death I shall have any power of appointment, general or special, including [listed tangible personalty], I give, devise and bequeath to my sister. * * * Upon the death of my sister * * * it is my desire that this property be divided equally between my brothers then living" *held,* unambiguous, and to have granted the sister a fee interest in the residue and expressed a desire, or a wish, that whatever remained be divided among the surviving brothers.

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur, Wills § 1040 *et seq.*
   Admissibility of extrinsic evidence to aid interpretation of will. 94 ALR 26.
[2] 57 Am Jur, Wills § 1180.
[3] 57 Am Jur, Wills § 1046.

3. SAME—CONSTRUCTION—ERROR OF EXPRESSION.

> Probate and circuit judges who heard respective claims of parties as to proper construction to be given residuary clause of will properly declined to consider evidence that tended to indicate that someone in the office of the attorney who drafted the codicil affecting residuary clause had committed an error of expression, where there is no ambiguity in the will.

Appeal from Ionia; Davis (Morris K.), J. Submitted April 10, 1962. (Docket No. 46, Calendar No. 49,481.) Decided July 2, 1962.

In the matter of the estate of Nelle M. Wilson, deceased, petition was made by J. B. Sturges and Vernon Sturges for construction of will in which M. Hazel Brown was executor and beneficiary under residuary clause. Determination in probate and circuit courts that M. Hazel Brown took in fee simple as to realty and absolute title to personalty. Petitioners appeal. Affirmed.

*Newman, Jones & Mackay* (*William L. Mackay* and *Donald A. Jones,* of counsel), for plaintiffs Sturges.

*Richard S. Wagner* (*Douglas R. Welch,* of counsel), for defendant Brown.

SOURIS, J. Appellants ask that we interpret a will in a manner favorable to them by reference to facts and circumstances relating to the execution of a codicil to the will. We examine such "extraneous" facts and circumstances not discernable from the testamentary instrument itself when the language used is not clear and unambiguous. *In re McLennan's Estate,* 179 Mich 595, 601. However, *McLennan* also tells us that we may not inquire into such surrounding facts and circumstances when the language of the instrument is clear and unambiguous. The will of Nelle Wilson contains the following provision:

"All of the rest, residue and remainder of my property, both real and personal, wherever situated, which I own and all property over which at the time of my death I shall have any power of appointment, general or special, including my automobile, wearing apparel, furs, watches, diamond rings and all other jewelry, set of sterling silver table service, vases and figurines, I give, devise and bequeath to my sister, M. Hazel Brown, of Belding, Michigan. Upon the death of my sister, M. Hazel Brown, it is my desire that this property be divided equally between my brothers then living."

The probate and circuit judges who heard this matter below both concluded that by such language testatrix granted her sister a fee interest in the residue and expressed a desire, or a wish, that whatever remained upon the sister's death be divided among the surviving brothers. Both judges rejected appellants' interpretation of the language by which the sister's interest was limited to a life estate with a contingent remainder over to the surviving brothers. We agree with the conclusions reached below. We find no ambiguity in this language or in any other part of the will. Absent ambiguity we cannot examine the "surrounding facts and circumstances", however persuasive, of testatrix's contrary intent, to defeat what is stated so clearly in the will of the testatrix. For this reason we believe both the probate judge and the circuit judge who heard this matter below were right in declining to consider evidence that tended to indicate that someone in the office of the attorney who drafted the codicil committed an error in expression.

Affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, OTIS M. SMITH, and ADAMS, JJ., concurred.