## Robert Blackwood v. William Brown.

*Evidence: Promissory notes: Inference.* It was competent in an action upon a promissory note made payable to Jane Lewis, to call defendant on rebuttal as a witness to identify an entry in his book, relating to a Jane Lewis note, which entry was made anterior to the existence of the note in suit, for the purpose of raising an inference that the testimony of defendant's witnesses in regard to a Jane Lewis note did not apply to the note in suit.

*Evidence: Cross-examination.* The plaintiff having for this purpose called the defendant as a witness, simply to identify such entry and to show that it was in his own handwriting, it was not error to decline to permit his own counsel against objection to ask him on cross-examination questions relating to other distinct points involved in the case.

*Due-bill: Title: Parties.* In an action upon a due-bill, brought in plaintiff's own right, and for his own use and benefit, where it distinctly appears from his own testimony, and the fact is not disputed, that the due-bill belongs, and always has, not to him, but to his wife, and was given for her money, the plaintiff is not entitled to recover.

*Due-bill: Title: Judgment: Estoppel: Wife: Ownership: Witness.* The judgment in such a case in favor of the plaintiff would be no bar to the right of the wife, the real owner, to recover; and the fact that she was called as a witness in her husband's behalf in his suit on the due-bill, would not estop her from afterwards suing in her own name on the same demand, at least where, as here, she had testified that she was still the owner.

*Charge to the jury: Weight of evidence: Questions of fact.* A refusal to instruct the jury, on request, that if they found certain statements to have been made they would tend very strongly to prove that the plaintiff had

no just or legal claim against the defendant, and the giving in lieu there-of a charge, that the jury should give such weight to the testimony as they thought it entitled to, is not error; what certain statements tend to prove, and the weight to be given them, are proper questions for the jury; and for the court to instruct them as to the weight or importance to attach to any particular part of the testimony, is to usurp the proper province of the jury.

*Heard April 22.    Decided June 8.*

Error to Wayne Circuit.

*Henry M. Cheever*, for plaintiff in error.

*Moore & Griffin* and *Hoyt Post*, for defendant in error.

MARSTON, J:

There are a number of assignments of error in this case. As the judgment must be reversed and a new trial ordered for reasons hereafter appearing, we have deemed it best to notice such questions only as are likely to arise upon a re-trial.

The action was assumpsit upon a promissory note and due-bill.

Upon the trial plaintiff called defendant on rebuttal as a witness, requested him to produce his book, and called his attention to an entry therein of January 1st, 1868, for the purpose of showing that the testimony of defendant's witnesses did not apply to the Jane Lewis note in suit, dated May 4th, 1868, the entry in the book having been made anterior to the existence of the note in suit. This was objected to by defendant's counsel because the entry did not apply to the note in controversy and had nothing to do with the case. This evidence was admissible for the purpose for which it was offered.

After the plaintiff had called defendant's attention to this entry, and proved by him that it was in his handwriting, defendant's counsel then sought upon cross-examination to inquire about the different questions involved in the case, which was objected to as not proper cross-examination, and the objection was sustained. In this ruling there was no

32 MICH.—14.

error. The plaintiff had called this witness for the sole purpose of identifying and introducing a written statement of a fact found in the defendant's book, and in his own handwriting, for the purpose of explaining certain testimony previously introduced on the part of defendant. And the questions asked the witness upon direct examination had no reference whatever to the facts in controversy in the case. Under such circumstances the most liberal rule relating to cross-examination would not permit the defendant's counsel, at that stage of the case, to inquire generally as to all the facts involved or in controversy.

It appeared upon the trial, and the fact was not disputed, that the due-bill was the property of, and belonged to the plaintiff's wife. The plaintiff, Brown, testified that it "belonged to his wife, and was given for her money, that she got it from Alexander Blue, and it was given to plaintiff just before the commencement of this suit, and up to that time had been in his wife's possession." His wife, on being afterwards called, testified that it then belonged to her.

Defendant's counsel requested the court to charge the jury that under the testimony in the case the plaintiff was not entitled to recover upon this due-bill, it not being his property. This the court refused, and defendant's counsel excepted.

The plaintiff claimed to recover in his own right and for his own use and benefit. In *Hovey v. Sebring, 24 Mich.*, *232*, it was held that the possession of a promissory note payable to bearer, by the plaintiff, and his producing it on the trial, was *prima facie* evidence of his title and right to sue upon it, and that he need not be the real or beneficial owner to entitle him to recover. His right to recover in that case, however, was based upon the legal presumption of ownership springing from his possession, and its negotiable character. This presumption took the place of proof to a like effect. Had it not been for this presumption in that case the plaintiff could not have recovered. Here is a case of a mere due-bill, not payable to bearer and not negotiable,.

where no such presumption arises from the mere fact of possession; not only that, but the evidence, and all the evidence upon the question of ownership, shows that the plaintiff does not, and never did own it; that he had no authority whatever to sue and collect it as his own property, and in his own name, and that the title was in another and had never been transferred to him. We think no court has ever yet gone the length of holding that a party may recover upon such an instrument, merely because he has possession of the same, especially where the evidence shows that he has no right, title or interest therein, or authority to collect it. Previous to the passage of our statute authorizing the assignee of certain choses in action not negotiable to sue and recover the same in his own name, the assignee would have had to sue in the name of the nominal, for the use of the real owner. While at present under that statute the assignee may sue in his own name, yet he must still allege in his declaration an assignment, and prove the same upon the trial, to entitle him to recover.—*Draper v. Fletcher, 26 Mich., 154.* The judgment in this case would be no bar to the right of the real owner to recover. The mere fact that she was called as a witness would not estop her from afterwards attempting to collect the same demand, especially where, as in this case, she testified that she was still the owner.

The court refused to instruct the jury that if they found certain statements to have been made, they would tend very strongly to prove that the plaintiff had no just or legal claim against the defendant. The court refused to charge that such would be very strong proof, but left all such questions to the jury, instructing them to give such weight to the testimony as they thought it entitled to. This was proper. What certain statements tend to prove, or the weight to be given them, are proper questions for the jury, and the court cannot instruct them as to the weight or importance to attach to any particular part of the testimony. To do so would be but usurping the proper province of the jury.— *Perrott v. Shearer, 17 Mich., 48; Abell v. Munson, 18*

*Mich., 310; Watkins v. Wallace, 19 Mich., 76; Knowles v. The People, 15 Mich., 412.*

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.