IN THE MATTER OF THE ESTATE OF AUSTIN H. ODELL. APPEAL OF ELEANOR K. O. YOUNG.

*Claim against estate by grass-widow.*

1. A woman who by mutual agreement with the man with whom she was living had parted from and released all claims upon him and left the State and married another man, cannot maintain a claim for widow's allowances against the estate of her original companion, as against a woman who in good faith lawfully married him, without, at least, showing very clearly that she, the claimant, had been his lawful wife.

2. A proceeding to obtain widow's allowances is not binding upon a woman who had in good faith married decedent after the claimant had left him and was living with him as his wife at the time of his death, but was not made a party to the proceeding brought by her predecessor.

Error to Kalamazoo.    (Mills, J.)    Feb. 1.—Feb. 6.

Appeal from probate decree denying a petition for a widow's allowance from the estate. The estate brings error. Reversed.

*Hawes & Shakespeare* for appellant estate.

*Howard & Roos* for petitioner appellee.

SHERWOOD, J. The petitioner, Eleanor Knight Odell Young, claims to be the widow of Austin H. Odell, late of the county of Kalamazoo, deceased, and in her petition prays the probate court of that county to decree to her from the estate of said deceased her statutory allowances. She claims to have been many years ago married to Odell, and for some time lived with him as his wife, but very soon, by agreement, they separated with the understanding that they released each other from all obligations growing out of the relations existing between them, and that not long thereafter petitioner married Albert Young, with whom she left the State, and that they have lived together ever since.

The deceased was twice married after the petitioner left the State. He lived with the first wife until she died, and with the second wife until he died, and always lived upon his farm in Kalamazoo county.

Barnard Vosburg was duly appointed administrator of his estate, and thereupon Mrs. Young presented her petition in this case, she still being a non-resident of the State living with her husband, and the last wife of deceased residing upon the farm and in possession of the property thereon. The probate court denied the prayer of the petitioner, and on the hearing of her appeal before the circuit judge, without a jury, she succeeded.

The administrator brings the case into this Court for review upon exceptions and special findings by the circuit judge.

The opinion of this Court was pretty clearly intimated on the hearing, and a careful review of the record and briefs of counsel fully confirm the views then expressed. The deceased, when he died, was living with a woman whom he had married and claimed to be his lawful wife, and who, as the circuit judge says, "undoubtedly married

52 MICH.—38

him in good faith and lived with him, supposing her marriage to be lawful;" she was left in full possession of his home, and so remained quietly until disturbed by petitioner.

The findings of the circuit judge have been carefully examined, and in none of them do we discover the fact found that the petitioner at the time of the decease of Austin H. Odell or at any other time was his lawful wife.

This was the important question in the case, and it is left wholly undetermined. Some circumstances are made to appear bearing on the subject, but nothing that can be received as evidence of a valid marriage. Very important social relations and property interests may be seriously affected and in many instances disappointed or completely destroyed by the destruction of family relations thus irregularly established. And when that relation so exists and has long been acquiesced in by all parties interested and the technicalities of the law are invoked as the means for producing such consequences, courts will require full and convincing proof of all the facts necessary to effect such a consummation. The petitioner in this case not having brought her proofs within this equitable and just rule imperatively demanded by the best interests of all the parties interested as well as society, must necessarily fail.

The deceased's last wife is not made a party to this proceeding and her interests are in no way affected thereby.

The judgment of the circuit court must be reversed, and the petition dismissed with costs of both courts to the estate, and the circuit court will so certify the same to the probate court of Kalamazoo county whose judgment in the premises is affirmed.

CAMPBELL and CHAMPLIN, JJ. concurred.

COOLEY, C. J. I concur. The complainant's case, as she makes it, is utterly wanting in equity, and she has no claim to be permitted to cure any defects in it if it were possible for her to do so.