J. S. EASTMAN v. COMMISSIONERS OF BURKE COUNTY.

*Juror—Resident and Taxpayer of County—Disqualification—Interest.*

The interest of a resident and taxpayer of a county in an action to recover land from the county is too indirect and remote to disqualify him to serve as a juror in such action.

CIVIL ACTION, pending in BURKE Superior Court, and heard before *Norwood, J.,* at Fall Term, 1896, on a motion of plaintiff for change of venue upon the ground that the facts alleged and admitted in the pleadings show that every juror in Burke county, being a taxpayer, is interested in the subject matter of the action. The motion was denied and plaintiff appealed.

*Messrs. Avery & Ervin,* for plaintiff (appellant).
*Messrs. J. T. Perkins* and *E. J. Justice,* for defendants.

FAIRCLOTH, C. J. : This is an action for possession of a part of the court-house square in Burke county. The plaintiff made a motion to have the cause removed to another county, on the ground that the subject of the action is county property, and that every juror in the county was interested as a taxpayer.

The same principle was considered in *Johnson* v. *Rankin,* 70 N. C., 550, and the motion was overruled. No judge or juror can serve in an action in which he is interested, but the interest of a man because of his residence in a county or town is too remote and indirect. Such a rule would disqualify every judge or justice of the peace to try an action in the county or town in which he resided.

Affirmed.

FURCHES, J., having been of counsel, did not sit on the hearing of this case.