CITY OF DETROIT v. DETROIT RAILWAY.

134    11
148    46

1. JURORS—TAXPAYERS—COMPETENCY.
    A person who is a taxpayer in a city is not, for that reason, incompetent to sit as a juror in a case to which the city is a party.

2. STREET RAILWAYS—ORDINANCES—ULTRA VIRES.
    An ordinance permitting the construction of a street railway through the streets of a city, and requiring the city to lay, at its own expense, a concrete foundation under the street-railway tracks, is not *ultra vires*.

3. RES JUDICATA—PARTIES.
    A decision by a circuit judge in a case between a taxpayer and a city, that a provision in a street-railway ordinance is *ultra vires*, does not make the question *res judicata* in a case between the city and the street railway.

4. SETTLEMENT—CONCLUSIVENESS.
    A settlement between parties may be conclusive as to a claim made and considered, though totally disallowed.

5. STREET RAILWAYS — RELAYING PAVEMENTS — USE OF OLD MATERIAL—LIABILITY OF CITY.
    Where a street railway is required by the terms of its franchise, on laying its tracks in paved streets, to restore the streets to their former condition, and, while engaged in such work, the city removes the material taken out of the old pavement, requiring the railway company to replace it by new material, the city is liable to the company therefor.

Error to Wayne; Brooke, J. Submitted February 3, 1903. (Docket No. 64.) Decided July 8, 1903. Supplemental opinion filed April 26, 1904.

*Assumpsit* by the city of Detroit against the Detroit Railway for work done and materials furnished. From a judgment for plaintiff, defendant brings error. Reversed.

In December, 1894, the city of Detroit, by ordinance, granted its consent to the construction of a street railway by appellant through certain streets of the city. The company proceeded with the construction of the road, and in the years 1895, 1896, and 1897 incurred a liability to the city for the expense of supervision by the board of public works, and for work done by the city and materials furnished. An adjustment of the account was made by representatives of the company and the board of public works, and the claim of the city established up to April 1, 1896; the amount due being substantially $32,922.95. Of this amount the company agreed to pay $12,194.90 within 30 days, but the balance, $20,728.05, the company desired to remain until a counterclaim could be made and presented to the common council for concreting under tracks on unpaved streets, under the provision of its ordinance reading as follows:

"In all unpaved streets wherein the grantees are duly authorized by the common council to construct street-railway tracks under the provisions of this ordinance, the preparation of the roadbed shall be made by the grantees, their successors or assigns, the excavation to extend seven inches below the under side of the cross-ties upon which the tracks are laid; but the six inches of concrete required by the ordinance as foundation for the ties to rest upon shall be laid by and at the expense of the city at the time of the construction of the tracks; the city not being required, however, to do the paving between the tracks until the street is paved. The common council may, however, in its discretion, order the paving of the tracks on unpaved streets to be done at city expense contemporaneously with the first construction of said tracks."

This claim was asserted as a counterclaim on the trial, and affords the principal ground of contention. There was also a claim made for material which it is claimed the board of public works took away from the streets, thereby preventing the railway company from using these materials in reconstructing the pavement and restoring the streets. The circuit judge refused to permit either of these claims of defendant to be submitted to the jury, and the jury, under the charge of the court, found a verdict for the plaintiff in the sum of $29,345.68.

*Corliss, Andrus & Leete* ( *John J. Speed,* of counsel), for appellant.

*Timothy E. Tarsney* and *Albert B. Hall,* for appellee.

Montgomery, J. (*after stating the facts*). A question of great importance to practitioners was presented on the trial of this case. A number of the jurors called in the case were taxpayers in the city of Detroit. They were challenged for cause on the ground of interest. Were they competent jurors? There is no statute of this State to which our attention has been directed which, with respect to this case, modifies the common-law qualifications of jurors. It is provided by section 10226, 3 Comp. Laws, that, "in penal actions for the recovery of any sum, it shall not be a good cause of challenge that a juror is liable to pay taxes in any county, city, village, township, or district which may be benefited by such recovery;" and by section 2468, 1 Comp. Laws, it is provided that, "on the trial of every action in which a county shall be interested, the electors and inhabitants of such county shall be competent witnesses and jurors." No similar provision is found affecting the common-law qualifications of jurors in suits where cities or townships are parties. In *Smith* v. *Insurance Co.,* 107 Mich. 270 (65 N. W. 236, 30 L. R. A. 368), we held that since the enactment of section 2468, 1 Comp. Laws, a taxpayer of a county is a competent juror in an action to which the county is a party; but this hold-

ing does not relieve the difficulty in the present case. The question here is as to the competency of these jurors at common law. The authorities are not agreed. A number of cases, and perhaps numerically the weight of authority, sustain the contention of appellant's counsel. But there are not wanting cases which hold that the interest of a taxpayer in a municipality is not sufficient to exclude him upon the ground of interest. See *Kemper* v. *City of Louisville*, 14 Bush, 94; *City of Marshall* v. *McAllister*, 18 Tex. Civ. App. 160 (43 S. W. 1043); *City of Dallas* v. *Peacock*, 89 Tex. 58 (33 S. W. 220); *Rathbun* v. *Thurston County*, 8 Wash. 238 (35 Pac. 1102); *Jackson* v. *Pool*, 91 Tenn. 448 (19 S. W. 324); *Eastman* v. *Commissioners of Burke County*, 119 N. C. 505 (26 S. E. 39); *City of Omaha* v. *Cane*, 15 Neb. 657 (20 N. W. 101); *City of Omaha* v. *Olmstead*, 5 Neb. 453; *Commissioners of Clermont County* v. *Lytle*, 3 Ohio, 289. The practice in this State, so far as we are advised, is in line with the authorities cited. A significant fact is that section 1109, 1 Comp. Laws, excludes judges from sitting in cases on the same ground that jurors are excluded; and yet, so far as we are advised, the uniform practice both at the circuit and in this court, during the entire judicial history of the State, has been for judges to sit in cases involving the rights of municipalities in which the presiding judge is a taxpayer. This has been true both as to the circuit and the supreme court during its entire history; and this long-continued practical interpretation of the law should be deemed, as we think, controlling. There was, therefore, no error in permitting these jurors to sit.

As to the claim of defendant for materials removed, it is not clear that they were not considered as in part compensation for the work done by the board of public works.

The important question in the case is as to the right of the defendant to demand compensation for concrete placed under the ties in laying the tracks of the road in unpaved streets. That it was the duty of the city, under the ordi-

nance, to put down this concrete, is clear; but it is contended that this provision of the ordinance was *ultra vires.* This contention is answered by the *mandamus* case between these same parties, decided at the present term. 133 Mich. 608 (95 N. W. 736).

It is said in the brief of plaintiff's counsel that this question is *res adjudicata.* It appeared on the trial that a taxpayer had at one time procured a temporary injunction against the city or the board of public works, restraining the work of concreting. The record of that case is not in evidence, although it appears that the circuit judge was of the opinion that the contract was *ultra vires.* Apart from the fact that the record does not disclose that that case ever passed to decree, the fact that defendant was in no way a party to the record is a sufficient answer to the contention that the holding of the circuit judge in that case is a controlling determination of the present.

For the error pointed out, the judgment will be reversed, and a new trial ordered.

The other Justices concurred.

### SUPPLEMENTAL OPINION.

Montgomery, J.   Reference is made to the decision of this case, reported *supra.* It is said in the decision, in substance, that, as to the claim of defendant for materials removed by the city, it is not clear that this claim was not considered and adjusted by the parties; but, as the opinion leaves undecided the question of liability in case the jury should find that this item was not adjusted, the parties have stipulated that this question should be considered by the court, and an announcement made for the guidance of the court on a new trial.

The testimony is conflicting upon the question whether in the adjustment of May 14, 1896, when an agreement was reached as to the amount due the city, a claim for such material was put forward and considered. This was a question of fact. If such a claim was made, even though it was totally disallowed, yet, in view of the fact that other

deductions and concessions were made by the city, we agree with the circuit judge that the settlement then made concluded the defendant.

If no settlement of this item was made, the question presented is this: Whether, when the defendant was engaged in tearing up the pavement or surface of the street for the purpose of laying the track, it was entitled to use the material thus torn up in putting the street in the condition required by the ordinance, so far as the same was suitable to the purpose, and whether the city was liable for such material removed by its authority while the replacing of the pavement was in progress. We think the answers to these questions should be in the affirmative. We can see no good ground for saying that the ordinance contemplated that the old material which was entirely suitable for use should be replaced with new. This was not the contract.

It is now said that the claim had not been presented to the common council for allowance, and that this will afford a complete answer to the defendant's claim on a new trial. The record does not show that this question was raised on the former trial, and need not now be considered.

The case will be remanded for trial.

The other Justices concurred.