SHAPERO v. GASSEL.

Vendor and Purchaser—Fraud—False Representations Not Relied on No Defense to Action for Purchase Price.
In action on note given as part of purchase price of lease of apartment house and furnishings, defense of fraud in misrepresenting character of tenants is not available, where false representations, if made, were not relied on by defendant, who knew all about apartment and character of neighborhood.

Error to Wayne; Browne (Clarence M.), J., presiding. Submitted October 15, 1930. (Docket No. 79, Calendar No. 35,018.) Decided January 7, 1931.

Assumpsit by Paul Shapero against Gavil Gassel on a promissory note. Judgment for plaintiff. Defendant brings error. Affirmed.

*Irwin I. Cohn* (*Sidney J. Karbel*, of counsel), for plaintiff.

*Louis Rosenzweig,* for ·defendant.

BUTZEL, C. J.  Fannie Shapero, herein called vendor, was the lessee of a building containing 50 apartments, known ·as the Knollwood, in the city of Detroit, Michigan.  She was also the owner of the furnishings.  She interested Gavil Gassel, the defendant, in the purchase of the lease, and he made frequent visits of inspection of the building during a period of three to five months immediately prior to acquiring the· lease and the furnishings from her. He claims, and she denies, that she made verbal representations as to the respectable character of the tenants.  The record shows that he did not rely upon such representations, even if they were made.

Vendor also gave defendant with the assignment of the lease a supplemental agreement which contained her guaranty that nothing had been done by the tenants which would result in padlock proceedings by State or Federal authorities.  In payment for the assignment of the said lease and furnishings, defendant turned over to vendor residence property of the claimed value of $21,000 and also his notes, one for $2,000 and one for $3,000. The latter note was to mature in 15 months, but it was agreed that it should be made out for five consecutive periods of three months each, and that it be renewable at the end of each period upon the payment of $100 on the principal, together with interest, and the delivery of a new note for the balance.  This note is the subject of the controversy in the present suit.  It was discounted by vendor at a Detroit bank, where vendor ·also discounted the renewals at the end of each three months' period when defendant paid $100 and interest on the principal and executed a new note for the balance.

Defendant took possession of the premises, and, with his sons, who were put in charge, continued to manage the property and receive the profits therefrom. He claims that shortly after he took possession, he found that the apartments were infested with prostitutes, bootleggers, and gamblers, and that, owing to the arrests that had been made of tenants, padlock proceedings were threatened. He promised the police department of the city of Detroit to get rid of the undesirable tenants. According to the testimony of his son, 50 tenants were removed within a short time after possession was taken. Inasmuch as there were 50 apartments, it would seem as if almost all of the tenants were removed and new ones substituted. Irrespective of what was done, the character of the place did not improve, for the police records show a long list of arrests and in many cases convictions of tenants for offenses that occurred after defendant purchased the property. There is also testimony that defendant expressed himself as satisfied with his bargain, and further, that he made an effort to dispose of the lease, etc., at a profit. Padlock proceedings were brought a considerable period after defendant acquired the lease for offenses committed after vendor had sold the lease to him. A decree was entered long after defendant had disposed of his interests. Defendant remained in possession of the property for approximately one and one-half years. He finally surrendered the lease and turned the furnishings over to the owner of the property for a consideration of $1,000 and the release from liability for rent for one month and six days.

After the 15 months, when the last renewal note became due, defendant refused to make further payment. Thereupon one Paul Shapero, plaintiff here-

in, who is a brother-in-law of vendor, purchased the past-due note from the bank and paid for it with his own note. He brought suit against defendant. It is claimed that plaintiff is not an innocent purchaser for value. There is no doubt but that the bank was a *bona fide* purchaser in the first instance. It is claimed that the bank was notified by the defendant that he claimed fraud, and that it thereupon became the bank's duty to apply the credit balance due vendor towards the payment of the note. It is unnecessary to discuss this claim, for the case may be disposed of the same as if plaintiff were merely an assignee of the bank after the maturity of the note and with full knowledge of defendant's claims. Defendant pleaded the general issue, and gave notice that he had been defrauded by vendor's false representations, and that his damages were in excess of plaintiff's claim in this action. The testimony further shows that defendant has brought an independent action against vendor for damages on account of her alleged fraud, and defendant has thus chosen his remedy and cannot bring this suit for the same action. We shall not discuss this question, for vendor is not a party to these proceedings, and they are no bar to such subsequent suit. It will serve no useful purpose to detail more facts. The case was tried without a jury, and the circuit judge made 34 findings of fact and 19 of law. We shall only discuss a few of the findings of fact.

The court, after hearing the testimony in the present case, found that defendant was not induced to purchase the lease by any fraudulent representations, and that he acted with his eyes open; knew the kind of lease it was, the character of the neighborhood, and all the facts concerning the apartment building. This disposes of the question of fraudu-

lent representations, irrespective of whether the other findings are correct or not. A judgment was rendered against defendant for the balance of the principal of the note and interest. It is affirmed, with costs.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.