WELCH *v.* CITY OF LINCOLN PARK.

1. MUNICIPAL CORPORATIONS—HIGHWAY CONTINUED AS BOULEVARD
   INTO ADJOINING PLAT AND MUNICIPALITY.

   Thoroughfare dedicated as boulevard in one municipality and
   held to be such by former decision of this court and continued
   in plat of adjoining subdivision in adjoining municipality and
   accepted under like circumstances and charter provisions in
   each *held,* boulevard in latter municipality, relieving abutting
   lot owners of assessments for paving.

2. JUDGMENT—RES JUDICATA—PARTIES.

   Previous case between other lot owners than plaintiffs herein
   but against same defendant for relief from same assessments
   for paving *held,* not *res judicata* for lack of identity of par-
   ties plaintiff in the two suits.

Appeal from Wayne; Houghton (Samuel G.), J.,
presiding. Submitted July 2, 1934. (Docket No. 28,
Calendar No. 37,716.) Decided September 18, 1934.

Bill by Thomas H. Welch and others against City
of Lincoln Park to set aside a special assessment for
paving. Decree for plaintiffs. Defendant appeals.
Affirmed.

*Arthur J. Abbott* and *Joseph L. Hutting,* for
plaintiffs.

*Frank G. Mixter,* for defendant.

BUSHNELL, J. Defendant appeals from a decree
holding the thoroughfare known as Emmons boule-
vard in the city of Lincoln Park in law and in fact a
boulevard, setting aside the special assessment roll

of its paving, ordering a refund of the assessments paid by abutting property owners, with interest at five per cent., and permanently enjoining the collection of the unpaid balances on such assessments.

The easterly boundary of the city of Lincoln Park is the south branch of the Ecorse river, which is also the westerly boundary of the city of Wyandotte. The 80-foot thoroughfare, with parkways 22 feet wide on both sides of a 36-foot pavement, crosses the river over a bridge and continues through the city of Wyandotte to Jefferson avenue on the east. Fort street on the west and Jefferson avenue on the east are main arterial highways, Emmons boulevard connecting the two without any distinguishing characteristics or features in either city except the absence of ornamental street lights in Lincoln Park, which had been removed by the city in 1931 just prior to the filing of this bill of complaint. The contiguous property in Lincoln Park, known as Emmons Orchard Subdivision No. 1, was platted by its proprietors and accepted in its present condition by the township board of Ecorse on March 17, 1920, while that lying in Wyandotte, known as Emmons Orchard Subdivision, was platted by its proprietors September 25, 1916, and accepted by the then village of Ford and the township of Ecorse.

The trial court found that:

"Emmons boulevard, which was a continuous street from Jefferson street to Fort street, was platted and dedicated by the same proprietors, prepared in the same manner in both said present municipal corporations, * * * and since it appears also that the provisions for boulevards and the method of maintaining them is by general taxation rather than a special assessment, and other provisions incident thereto in the two city charters are

practically identical, there is but one answer to this proposition, and that is that Emmons boulevard in the city of Lincoln Park is a boulevard, and that the city officers had no authority in improving it to raise money by special assessment on the abutting property for that purpose, since it is mandatory under the provisions of the charter that such money be raised by general taxation.''

The trial judge, after a personal inspection of the thoroughfare in both cities, considered our opinion in *Coburn* v. *City of Wyandotte,* 245 Mich. 314, controlling. There Mr. Justice McDonald, speaking for the court, held Emmons boulevard in the city of Wyandotte to be in law and in fact a boulevard. No other conclusion seems possible and the case is controlled by that decision.

Defendant raises the further question of *res judicata* and says in its brief:

''Defendant wishes to call to the attention of this court the case of *Erlich* v. *City of Lincoln Park,* No. 177502, Wayne county circuit court, in chancery. This was a suit by the plaintiff in behalf of himself and other taxpayers similarly situated, for the same relief as here sought by the plaintiffs. The case was heard on the merits by Honorable James S. Parker and decision and decree rendered holding that Emmons boulevard in the city of Lincoln Park was not a boulevard in fact.''

The record does not contain the pleadings and the unappealed decree in that cause, but merely the colloquy of court and counsel. None of the plaintiffs here were parties to that action and the opinion and decree before us are silent as to the matter. While this appeal is a trial *de novo,* we are not inclined to require additional proofs because of the lack of identity of parties plaintiff in the two actions. See

*City of Detroit* v. *Railway Co.,* 134 Mich. 11 (104 Am. St. Rep. 600) ; *Fowler* v. *Blount,* 191 Mich. 575, and *Kavanaugh* v. *Baird,* 241 Mich. 240.

The decree is affirmed, with costs to plaintiffs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.