BANIA *v.* KASHMERICK.

1. APPEAL AND ERROR—JUDGMENT—RECORD.

In determining whether or not a previous judgment may be interposed to bar recovery in instant suit, the Supreme Court is governed by the record before it and may not speculate as to relationship of the parties plaintiff.

2. JUDGMENT—RES JUDICATA—PARTIES.

The mere fact that one is in court and testifies as a witness does not make him a party to the litigation so as to permit raising bar of former adjudication.

3. SAME—IDENTITY OF PARTIES AND SUBJECT MATTER.

To constitute a judgment an estoppel, there must be an identity of parties or privies as well as of the subject matter.

4. SAME—INTERVENTION—PARTIES—PRIVIES.

Where petition of plaintiff herein to intervene in former suit was denied and it is not shown that he caused the plaintiff therein to bring the former suit as agent and there is no sufficient affirmative showing of privity between the two plaintiffs, plaintiff herein is not estopped from asserting his right to be heard on the merits.

5. APPEAL AND ERROR—MOTION TO DISMISS—REMAND WITHOUT PREJUDICE AS TO RENEWAL OF ISSUES.

Where order granting motion to dismiss on ground of former adjudication is reversed and cause remanded for trial on the merits, reversal is ordered without prejudice to the right of defendant to raise by answer the issues of *res judicata* and estoppel and to offer proofs with reference thereto.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am. Jur., Appeal and Error, § 692.
[2] 30 Am. Jur., Judgments, § 227.
[3, 4] 30 Am. Jur., Judgments, § 220.

Appeal from Wayne; Brennan (John V.), J. Sub-
mitted April 6, 1949. (Docket No. 17, Calendar No.
44;203.) Decided May 18, 1949.

Assumpsit by Edward Bania against M. William
Kashmerick. Motion to dismiss granted. Plaintiff
appeals. Reversed and remanded for further pro-
ceedings.

*Lee C. McManus,* for plaintiff.

*Sidney K. Meyer,* for defendant.

CARR, J. Plaintiff brought suit against defendant
in circuit court for recovery of the sum of $5,000
which he claimed he had paid to defendant. The
declaration contained the applicable common counts
in assumpsit and also a special count referring spe-
cifically to the sum in question. A bill of particulars
was filed with the declaration, setting forth the dates
and amounts of the payments claimed. Defendant
moved to dismiss on the ground that the declaration
did not set forth a cause of action, and also that the
matters involved in plaintiff's suit had been fully
adjudicated in a prior case instituted by Joseph S.
Melerski against defendant Kashmerick and others,
in which a final judgment was entered in favor of
the defendants, and in which plaintiff Bania par-
ticipated as an undisclosed principal. The motion
asserted that Bania was bound by said adjudication,
and for that reason was precluded from maintain-
ing the instant suit. Said motion was granted by the
trial court and an order entered dismissing the cause
of action on the ground that defendant's claim of
*res judicata* was well founded. From such order
plaintiff has appealed.

Pursuant to stipulation of counsel, the record in
the instant case contains the pleadings in the prior

suit referred to, and also the opinion of the trial judge in that case, the judgment entered, a petition by Bania to add him as a party plaintiff therein, and an order denying such petition. The declaration filed by Melerski set forth an alleged agreement between himself and defendants for the purchase of certain hotel property in the city of Hamtramck, and for the transfer to Melerski of a liquor license held by defendants. Copy of an agreement between the parties, signed by plaintiff Melerski and by defendants, was set forth in the declaration. Said agreement specifically described the property to be transferred and the manner of payment therefor. It further specified that Melerski should pay the vendors, pending the consummation of the transaction, the sum of $5,000, and deposit the further sum of $2,000 in escrow, which sums were to be returned to him in the event that the Michigan liquor control commission did not, prior to March 10, 1946, accept the application for transfer of the liquor license. It was further agreed that if Melerski failed or refused to perform his agreement the vendors might retain the $5,000 payment as liquidated damages. The declaration further alleged the making of the payment in accordance with the agreement, the failure of the liquor control commission to approve the transfer of the license, and the refusal of the defendants to return the money to Melerski. The answer filed by the defendants admitted the execution of the agreement between the parties, and further alleged that the application to transfer the liquor license was denied by the liquor control commission because of willful and intentional misconduct on the part of Melerski, that such conduct amounted to an intentional breach of the agreement, and that under the terms thereof defendants were entitled to retain the money.

It does not appear from the pleadings that defendants made any claim that Melerski was not the real party in interest. Our attention is not called to any averments to the effect that Bania had actually paid the money to defendants, nor was there any claim therein that Melerski was acting merely as Bania's agent. During the course of the trial, however, Bania filed a petition for leave to intervene on the ground that the proofs presented were of such character as to indicate that he was the proper party plaintiff or that he had a joint interest with Melerski. The petition was denied.

At the conclusion of the trial, judgment was entered for defendants. The trial court found specifically that defendants' claims as to the reasons for the failure to obtain the requisite approval for the transfer of the liquor license were substantiated by the evidence, and that the failure to carry out the agreement was due to misconduct on the part of Melerski and Bania. The trial judge further stated in his opinion that Bania was the son-in-law of Melerski, and was acting as his agent in dealings with the liquor control commission. He further expressed the opinion that Bania was actually the real party in interest. The record before us does not contain any of the testimony taken on the trial. The opinion indicates, however, that Bania was a witness in the case, that his testimony was unsatisfactory, and that he was consulted with reference to negotiations for a settlement. Melerski filed claim of appeal from the judgment entered in the case. However, such appeal was not prosecuted as required by the court rule relating thereto, and was dismissed by this Court on motion of the defendants. A subsequent motion to reinstate the appeal was denied.

It is stipulated that the money sought to be recovered by Bania in the instant case is made up of payments for which Melerski sought judgment in

the suit brought by him. May it be said, however, that the judgment in that case disposed of the claims of Bania as well as those of Melerski? In determining this question we must, of course, be governed by the record that is before us. We are not at liberty to speculate as to the business relationship between these men. There is no showing that Bania procured Melerski to bring the prior suit, or that in doing so Melerski merely undertook to act as Bania's agent. The pleadings indicate that he asserted a cause of action in his own behalf. The mere fact that Bania was in court does not in and of itself show that he directed and controlled the presentation of plaintiff's alleged cause of action. His attempt to intervene as a party to the case is scarcely consistent with such control.

It is a fair inference from the opinion of the trial judge that the testimony indicated the expediency of having both Melerski and Bania accept a proposed settlement. Quite possibly it was thought that Bania might have some claim that he would undertake to prosecute if a settlement were made with Melerski alone, and that a compromise with the latter would not bind Bania unless he became a party to it. The mere fact that he was in court and testified as a witness did not make him a party to the litigation. No claim is made that he was in position to appeal from the judgment entered. His claim that he could not do so is apparently conceded.

In some respects the instant case, on the record before us, is analogous to the situation in *Fowler* v. *Blount,* 191 Mich. 575. The claim was there made that a prior decree seeking to impose a lien on certain land was *res judicata* as to the defendant who claimed ownership in the property. In denying such claim, it was said:

"The first question must be answered in the negative. The defendant, not being a party in the divorce case, is not bound by that decree. She never had her day in court there. It is of no consequence that she was a witness in that case. She could not have appealed from that decree. She had no control of the case whatever. *Detroit Savings Bank* v. *Truesdail,* 38 Mich. 430; *Young's Appeal,* 52 Mich. 592; *Axford* v. *Graham,* 57 Mich. 422; *Love* v. *Francis,* 63 Mich. 181 (6 Am. St. Rep. 290); *Fisher* v. *Wineman,* 125 Mich. 642 (52 L. R. A. 192); *City of Detroit* v. *Railway,* 134 Mich. 11 (104 Am. St. Rep. 600); *Bean* v. *Bean,* 163 Mich. 379–396; *Bacon* v. *Walden,* 186 Mich. 139."

Plaintiffs further claimed an estoppel as against defendant Blount, based on the decree in the prior case. In determining this issue in defendant's favor, the court quoted from volume 23 of Cyc. at page 1237 as follows:

"To constitute a judgment an estoppel, there must be an identity of parties as well as of the subject matter; that is, it is necessary that the parties as between whom the judgment is claimed to be an estoppel must have been parties to the action in which it was rendered, in the same capacities and in the same antagonistic relation, or else they must be in privity with the parties in such former action."

The court also cited the earlier case of *Blackwood* v. *Brown,* 32 Mich. 104, in which judgment was recovered by the plaintiff on a certain due bill that he had in his possession. The testimony in the case indicated, however, that plaintiff's wife was the actual owner of the obligation, and the court in reversing judgment for the plaintiff stated that such judgment, if permitted to stand, would not estop the wife from afterwards suing in her own name on the demand. The wife was a witness and testified to the fact of her ownership of the claim.

*Fowler* v. *Blount, supra,* was cited and followed in *Oxford* v. *Berry,* 204 Mich. 197, 209. See, also, *Warner* v. *Comstock,* 55 Mich. 615; *Shapero* v. *Gassel,* 253 Mich. 28; *Welch* v. *City of Lincoln Park,* 268 Mich. 440. In *Grand Rapids Milk Producers Ass'n* v. *McGavin,* 295 Mich. 477, to which counsel for defendant calls attention, the action was brought by an agent to whom an undisclosed principal had assigned the claim. Obviously the situation there presented was radically different from that involved in the case at bar.

On the basis of the facts disclosed by the record in the instant case, it cannot be said that plaintiff has had his day in court on the cause of action set up in his declaration. It does not appear that he caused Melerski to bring the prior suit as his agent, or otherwise in his behalf, or that he actually directed and controlled the prosecution of that suit. There is no affirmative showing of such privity between Bania and Melerski as estops the former from asserting the right to be heard on the merits of his case.

The case is remanded to the trial court with directions to set aside the order from which plaintiff has appealed, and for further proceedings in the cause, but without prejudice to the right of the defendant to raise by answer the issues of *res judicata* and estoppel and to offer proofs with reference thereto. Plaintiff may have costs.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.