BANIA *v.* KASHMERICK.

1. NEW TRIAL—REMAND WITHOUT PREJUDICE—DEFENSES INTER-
POSABLE.
  A defendant in a case remanded for a new trial without prejudice
  to his right to raise issues of *res judicata* and estoppel and
  to offer proofs was not thereby precluded from interposing
  a defense inconsistent with and contradictory to his proofs at
  the former hearing.

2. ASSUMPSIT—BURDEN OF PROOF—EVIDENCE.
  Plaintiff failed to sustain burden of proof in action of as-
  sumpsit that defendant owed plaintiff sum claimed to have
  been received by defendant as down payment for hotel with
  liquor license, where the deal had been made between defend-
  ant and plaintiff's father-in-law and it appears that in an
  action brought by the latter against the defendant for such
  down payment, there had been an adjudication favorable to
  defendant and also that plaintiff had filed a claim for the
  money in the estate of the father-in-law as having been made
  as a loan to him, hence verdict was properly directed for
  defendant.

3. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED
  —STATUTES—PARTIES.
  The statute barring testimony by an opposite party as to matters
  equally within the knowledge of deceased does not bar tes-
  timony of a defendant as to his transaction with one now
  deceased who is not a party to the case at bar (CL 1948,
  § 617.65).

4. ASSUMPSIT—BREACH OF CONTRACT BY DEFENDANT—EVIDENCE.
  Agreement between defendant and plaintiff's father-in-law was
  admissible in action by plaintiff to recover down payment for
  hotel and liquor license made to defendant, to determine li-
  ability of latter to former in action of assumpsit, where the

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur, New Trial § 218.
[2] 4 Am Jur, Assumpsit § 49.
[3] 58 Am Jur, Witnesses § 218.

agreement provided for its return to the father-in-law with whom an agreement with respect to the down payment had been made and it also appears that plaintiff was at least responsible in part for the breach of the agreement by defendant.

Appeal from Wayne; Brennan (John V.), J. Submitted April 13, 1954. (Docket No. 60, Calendar No. 45,737.) Decided June 7, 1954.

Assumpsit by Edward Bania against M. William Kashmerick for refund of money paid on proposed purchase of hotel with liquor license. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Lee C. McManus,* for plaintiff.

*Sidney K. Meyer,* for defendant.

Boyles, J. Plaintiff Bania appeals from a judgment for defendant Kashmerick entered at the conclusion of a jury trial when the trial court granted the defendant's motion for a directed verdict. The case has been before us on a former appeal in *Bania* v. *Kashmerick,* 324 Mich 596. There, the trial court had granted a motion by the defendant to dismiss the suit on the ground that a prior suit by one Melerski* against said Kashmerick and others was *res judicata* as to Bania, barring him from maintaining the suit against Kashmerick. On that appeal, we reversed on the ground that Bania was not a party in the Melerski case, hence it was not *res judicata* in Bania's suit against Kashmerick; and remanded the case to the trial court with directions to set aside the order dismissing Bania's suit and proceed with the case.

---

* Melerski *v.* Kashmerick, a case in the Wayne circuit court.— Reporter.

The Melerski case against Kashmerick arose out of the same circumstances that are involved in the instant case. Bania had filed a motion in that case for leave to intervene and be added as a party plaintiff with Melerski, claiming to be a party in interest. This motion was denied by the trial court. In that case Melerski claimed that he had entered into an agreement with Kashmerick to purchase a certain hotel property in Hamtramck; that he had paid $5,000 to Kashmerick, and escrowed an additional $2,000, all of which was to be returned to him if a transfer of the hotel liquor license to him was not consummated. It was not, whereupon Melerski brought suit against Kashmerick to recover the $5,000 paid him. The trial court found for the defendant Kashmerick and entered judgment accordingly, mainly on the ground that Kashmerick was not bound to return the $5,000 to Melerski because Melerski and Bania had been instrumental in preventing approval of the transfer of Kashmerick's liquor license to Melerski, hence had breached Melerski's contract to aid in the approval of such transfer. Melerski filed a claim of appeal, but did not contest the dismissal of his appeal on account of lack of progress.

Bania then brought the instant suit against Kashmerick, considered by us as aforesaid on the appeal in *Bania* v. *Kashmerick, supra,* where we reversed the trial court's holding that the Melerski case was *res judicata* as against Bania in his suit against Kashmerick. In so holding, we there said (pp 599, 600, 602):

"It does not appear from the pleadings that defendants made any claim that Melerski was not the real party in interest. Our attention is not called to any averments to the effect that Bania had actually paid the money to defendants, nor was there

any claim therein that Melerski was acting merely as Bania's agent. * * *

"At the conclusion of the trial, judgment was entered for defendants. The trial court found specifically that defendants' claims as to the reasons for the failure to obtain the requisite approval for the transfer of the liquor license were substantiated by the evidence, and that the failure to carry out the agreement was due to misconduct on the part of Melerski and Bania. The trial judge further stated in his opinion that Bania was the son-in-law of Melerski, and was acting as his agent in dealings with the liquor control commission. * * * The opinion indicates, however, that Bania was a witness in the case, that his testimony was unsatisfactory, and that he was consulted with reference to negotiations for a settlement. * * *

"It is stipulated that the money sought to be recovered by Bania in the instant case is made up of payments for which Melerski sought judgment in the suit brought by him. May it be said, however, that the judgment in that case disposed of the claims of Bania as well as those of Melerski? In determining this question we must, of course, be governed by the record that is before us. We are not at liberty to speculate as to the business relationship between these men. There is no showing that Bania procured Melerski to bring the prior suit, or that in doing so Melerski merely undertook to act as Bania's agent. The pleadings indicate that he asserted a cause of action in his own behalf. The mere fact that Bania was in court does not in and of itself show that he directed and controlled the presentation of plaintiff's alleged cause of action. His attempt to intervene as a party to the case is scarcely consistent with such control. * * *

"The case is remanded to the trial court with directions to set aside the order from which plaintiff has appealed, and for further proceedings in the cause, but without prejudice to the right of the defendant to raise by answer the issues of *res*

*judicata* and estoppel and to offer proofs with reference thereto."

Since the case was thus remanded, it has been tried before a jury, resulting in a verdict and judgment for the defendant at the close of the trial, by direction of the trial court. Plaintiff Bania again appeals.

By an order entered by this Court while the appeal was pending here, the parties have been permitted to incorporate in the record in the instant case the record on the appeal here in 324 Mich 596, *supra*.

Appellant Bania now urges various grounds for reversal. There is no merit in appellant's claim that the defendant should not have been allowed to interpose a defense "inconsistent with and contradictory to his proofs on a former hearing." As pointed out, Bania was not a party in the Melerski case, and in our remand of the instant case for trial it was expressly stated that it was without prejudice to the defendant's right to raise the issues of *res judicata* and estoppel and offer proofs. It should not be necessary to repeat that the Melerski case and the instant case are 2 different cases, and not between the same parties.

The controlling question here is whether the trial court erred in directing a verdict and the entry of a judgment for the defendant at the close of the proofs in the instant case. The reason given by the court was as follows:

"The immediate matter before the court is decision on defendant's motion for a directed verdict. I have given careful consideration to this case. The court and respective counsel are well familiar with every facet of the case now before me for decision.

"The various written instruments, particularly the agreements entered into, including the promissory

note, introduced in evidence, speak their own language. These instruments are plain and unambiguous. They mean what, in terms, they say. Nor, has there been any testimony of substance to contravene or vary the plain intent and meaning of these various written instruments.

"Viewing the evidence in the case in all its aspects, the court is of the opinion and so finds as a matter of law, that there is no question of fact to be submitted to the jury.

"The court therefore grants defendant's motion for a directed verdict of no cause of action in favor of the defendant."

Plaintiff Bania is the son-in-law of the Melerski who sued Kashmerick to recover the $5,000 which had been paid Kashmerick as the "down" payment on the transaction. The written signed agreement on December 17, 1945, for the purchase of the Kashmerick hotel and transfer of the liquor license was between Melerski, as purchaser, and Kashmerick and others as owners-vendors. Bania is not mentioned in the agreement. On December 17, 1945, Kashmerick receipted to *Melerski* for $4,000 payment on the transaction. He had already receipted to Melerski for $1,000 paid to him by Melerski before December 17th. On the same December 17th, Melerski executed a promissory note payable to Bania in 1 year for $7,000, representing the $5,000 Melerski obtained from Bania, plus the $2,000 placed in escrow to await transfer of the liquor license to Melerski. Obviously, this $7,000 had been loaned by Bania to his father-in-law Melerski. The sum of $5,000 was received by Kashmerick from Melerski as down payment on the transaction. The record indicates why Bania let his father-in-law have the money to pay Kashmerick. The deal involved transfer of the liquor license from Kashmerick. There were reasons why Bania and Kashmerick

knew that the liquor control commission would not approve of a transfer of Kashmerick's license to Bania.

Supporting Kashmerick's claim that not he, but Melerski, owes Bania, it is significant that Bania has since filed in probate court a claim against the estate of Melerski, now deceased, as follows:

"Estate of Joseph S. Melerski
"To Edward Bania (Creditor)
"Address: 2050 Nat'l Bank Bldg., Detroit.
"Dec. 17, 1945—
"Money loaned to Joseph S. Melerski $7,000
"Paid on account                          2,000
            "Balance  due                              $5,000"

Attached to said claim is an affidavit by Bania, as follows:

"Edward Bania being duly sworn says: I reside in the city of Detroit and State of Michigan.

"The foregoing statement of account against the estate of Joseph S. Melerski, deceased, is a true and correct statement, and said amount is a just claim against said estate.

"There is now due and unpaid on said claim, over and above all legal set-offs, the sum of $5,000.
                    (s)  EDWARD  BANIA"

The conclusion is inescapable that if Bania furnished the $5,000 which was paid to the defendant as down payment in this transaction, it was furnished by Bania to his father-in-law Melerski. In the instant suit, Bania attempts to recover it from Kashmerick. The record here leads to a conclusion that Bania has failed to established that Kashmerick owes him the $5,000. The trial court so found, and properly directed a verdict for the defendant.

Other grounds for reversal raised by Bania have been considered. Bania claims that the court erred

in permitting Kashmerick to testify to matters equally within the knowledge of Melerski, now deceased, relying on CL 1948, § 617.65 (Stat Ann § 27.914). The fallacy in such a claim is apparent from a reading of the statute. Kashmerick is not an opposite party in the instant case, as applied to Melerski, who is not a party here. The statute does not apply. Bania also claims that the trial court erred in allowing the written agreement between Melerski and Kashmerick to be received, and in allowing a witness to testify as to the actions of Melerski and Bania tending to show that they prevented the issuing of a transfer of the liquor license to Melerski. The agreement was admissible, being material to the main issue in the instant case, as to whether Kashmerick owes Bania. One of its provisions was that the down payment was to be returned by Kashmerick to Melerski if the transfer of the license was not consummated. The testimony concerning the transfer of the liquor license was admissible tending to show that Melerski, and Bania by his admissions in testifying in the Melerski case, were responsible for the breach of that provision in the contract. Other grounds for reversal have been considered and are equally without merit.

Affirmed. Costs to appellee.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, REID, DETHMERS, and KELLY JJ., concurred.